## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  September 3, 2015          519966
_____

In the Matter of ANGELA PAGE,
                    Appellant,

    v

LIBERTY CENTRAL SCHOOL                    MEMORANDUM AND ORDER
    DISTRICT,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ.

_____

        Sussman & Watkins, Goshen (Michael H. Sussman of counsel),
for appellant.

        Sullivan Keenan Oliver & Violando, LLP, Albany (John M.
Oliver of counsel), for Liberty Central School District,
respondent.

_____

Lahtinen, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed January 8, 2014, which, among other things, reversed a
decision of a Workers' Compensation Law Judge directing further
development of the record.

        In July 2004, claimant, a school librarian, sought workers'
compensation benefits based upon an alleged disability resulting
from her exposure to toxic mold at the workplace.  A claim for
hypersensitivity reaction to occupational presence of fungi was

established.  Claimant was found to have a temporary total disability and an award of benefits was made.  In 2006, the claim was amended to include multiple chemical sensitivity and awards for a marked disability were continued.  Following various litigation regarding medical reimbursement expenses, claimant's degree of disability and her attachment to the labor market, the Workers' Compensation Law Judge (hereinafter WCLJ), by decision filed March 31, 2010, classified claimant with a permanent total disability as a result of the work-related injury.  The Workers' Compensation Board modified that decision by rescinding the finding of permanent total disability and referring the matter to an impartial specialist to examine claimant and report to the Board with respect to claimant's disability classification rate.

When the matter was restored to the calendar, Theodore Them, the impartial medical specialist who examined claimant, testified that multiple chemical sensitivity is not a medically-recognized condition and, in any event, it was his opinion that claimant was not suffering from any causally-related disability.  By decision filed December 19, 2012, the Board credited the testimony of Them, found no further causally-related disability, thereby reversing the WCLJ's finding of total permanent disability, and closed the case.

On January 11, 2013, claimant filed a notice of appeal with this Court as to the December 19, 2012 Board decision, but failed to timely perfect that appeal.  Claimant also, on that date, sent a letter to the Board seeking a hearing to determine, in part, her appropriate degree of disability.  Claimant's January 17, 2013 application to the Board for reconsideration and/or full Board review of its December 19, 2012 decision was denied on March 28, 2013.  Pursuant to her January 11, 2013 letter request, a hearing was held on April 8, 2013 at which the WCLJ construed the Board's December 19, 2012 decision as rejecting his prior decision that claimant suffered a causally-related total disability, but continued the case for further development of the record to determine clamant's appropriate, lesser degree of disability.  The employer sought Board review of the WCLJ's ensuing April 11, 2013 decision, which included the direction to depose claimant's doctor, arguing that the Board's December 19, 2012 decision resolved the issue of claimant's degree of

disability by finding that claimant suffered no causally-related disability and properly closed the case. By decision filed January 8, 2014, the Board panel agreed with the employer and claimant now appeals.

We affirm. Claimant's appeal from the Board's January 8, 2014 decision limits our review to whether the Board abused its discretion or acted in an arbitrary or capricious manner in precluding further development of the record regarding the issue of claimant's causally-related disability (see Matter of Barber v New York City Tr. Auth., 50 AD3d 1402, 1403 [2008]). The Board properly precluded further development of the record since the issue of claimant's causally-related disability was addressed and decided by the Board in its December 19, 2012 decision. To the extent that claimant now asserts, on the instant appeal, that the Board erred in crediting the opinion of the impartial specialist that claimant had no causally-related disability, her remedy was to perfect her appeal from the Board's December 19, 2012 decision (see Matter of McCorkle-Spaulding v Lowe's, 95 AD3d 1513, 1514 [2012]).

McCarthy, Garry and Egan Jr., JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court