Peters, P. J.
 

 Appeal from a decision of the Workers’ Compensation Board, filed May 26, 2016, which reversed a decision of a Workers’ Compensation Law Judge directing further development of the record.
 

 The underlying facts of this matter are more fully set forth in a prior decision of this Court (131 AD3d 1291 [2015]). Briefly stated, claimant applied for and was awarded workers’ compensation benefits in 2004 based upon her claim for hypersensitivity reaction to occupational presence of fungi. In 2006, the claim was amended to include multiple chemical sensitivity and awards for a marked disability were continued. Following hearings in 2010, a Workers’ Compensation Law Judge (hereinafter WCLJ) determined that claimant had a causally-related permanent total disability. By decision filed in December 2012, the Workers’ Compensation Board reversed the finding of a permanent total disability, crediting the opinion of Theodore Them, an impartial specialist referred by the Board to examine claimant, that claimant had no continuing causally-related disability. Claimant did not timely perfect her appeal of that decision to this Court.
 

 In January 2013, claimant requested a hearing to determine, among other things, whether she suffered from a lesser degree of disability. A WCLJ thereafter directed further development of the record on this point, but the Board reversed on the ground that the December 2012 decision resolved the issue of claimant’s degree of disability by finding that claimant had no further causally-related disability. This Court affirmed the Board’s decision, finding that claimant’s failure to appeal the Board’s December 2012 decision precluded her from challenging the Board’s finding of no further causally-related disability (id. at 1292).
 

 In 2014, physician Jeffrey Newton evaluated claimant for the purpose of assessing her “psychological treatment needs in connection with her longstanding multiple chemical sensitivity syndrome.” In his evaluation report, Newton diagnosed claimant as suffering from consequential adjustment disorder with anxious and depressed mood. Based upon Newton’s opinion, claimant requested a hearing regarding a claim for consequential psychological injury. A WCLJ found prima facie evidence for consequential depression and directed the employer to obtain an independent medical examination on this issue. Upon review, the Board reversed, finding that further development of the record was not proper inasmuch as its December 2012 decision established that claimant did not have a further causally-related disability, without which there could be no consequential condition. Claimant now appeals.
 

 We reverse. “Generally, the Board’s determination of whether or not to allow further development of the record on a particular issue will not be disturbed absent an abuse of discretion” (Matter of Finchum v Colaiacomo, 1 AD3d 672, 673 [2003] [citations omitted]; accord Matter of Prince v Verizon N.Y., 153 AD3d 1111, 1111 [2017]). Here, the Board found that further development of the record was improper because it had determined in 2012 that claimant no longer suffered from a causally-related disability and, without a further causally-related disability, there could be no disability from which a consequential condition could arise. However, the record reflects that claimant established a claim for work-related hypersensitivity to the presence of fungi in 2004 and that the claim was amended to include multiple chemical sensitivity in 2006. In the 2012 decision, the Board noted that, although Them was of the opinion that multiple chemical sensitivity is not a medically-recognized condition, he credibly testified that he was capable of independently determining, based upon a physical examination, whether claimant was disabled. The Board ultimately relied on Them’s physical examination in concluding that claimant no longer suffered from a causally-related disability but, in so doing, made no findings suggesting that claimant did not suffer from a causally-related disability from 2004 to 2011.
 

 Under these circumstances, we conclude that the Board’s finding that, as of 2012, claimant no longer had a causally-related disability does not preclude claimant from raising the issue of a psychological injury consequentially related to her prior established claims of hypersensitivity reaction to fungi and multiple chemical sensitivity.
 
 *
 
 Those conditions were established in 2004 and 2006 and claimant received related benefits for over 10 years, and the record contains evidence that claimant was diagnosed and treated for psychological injuries during that time. With regard to the issue of causation, while Newton stated in his 2014 evaluation that claimant’s diagnosed adjustment disorder is related, in part, to the loss of the covered psychotherapeutic counseling that she had been receiving prior to the December 2012 finding of no further causally-related disability, he also opined that claimant’s psychological condition “is clearly causally related to [her] . . . work place originating condition.” Accordingly, we conclude that the Board abused its discretion by finding that further development of the record on this issue was improper based upon its 2012 decision, and the matter must be remitted for further proceedings.
 

 Egan Jr., Lynch, Clark and Rumsey, JJ., concur.
 

 Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.
 

 *
 

 We reject the employer’s contention that the Board’s decision should be affirmed on collateral estoppel grounds. The issue of whether a consequential psychological injury may be established despite a finding of no current causally-related disability was not “actually litigated and resolved in the prior proceeding” (Matter of Halyalkar v Board of Regents of State of N.Y., 72 NY2d 261, 267 [1988]; see Matter of Howard v Stature Elec., Inc., 72 AD3d 1167, 1169 [2010], affd 20 NY3d 522 [2013]).