Matter of Page v Liberty Cent. Sch. Dist. (2020 NY Slip Op 06422)





Matter of Page v Liberty Cent. Sch. Dist.


2020 NY Slip Op 06422


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

529776

[*1]In the Matter of the Claim of Angela Page, Appellant,
v
Liberty Central School District, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: October 20, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Sussman & Associates, Goshen (Jonathan R. Goldman of counsel), for appellant.
Sullivan Keenan Oliver & Violando, LLP, Albany (John Oliver of counsel), for Liberty Central School District, respondent.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed February 19, 2019, which, among other things, ruled that claimant had no further causally-related disability.
As outlined in our prior decisions, claimant was awarded workers' compensation benefits in 2004 following her exposure to toxic mold at her workplace, a school library, based upon her established claim for hypersensitivity reaction to the occupational presence of fungi, and she was classified as having a temporary total disability (156 AD3d 1176 [2017]; 131 AD3d 1291 [2015]). Her claim was amended in 2006 to include multiple chemical sensitivity (hereinafter MCS), and awards for a marked disability continued. Following hearings in 2010, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant as permanently totally disabled, but the Workers' Compensation Board reversed in a December 2012 decision (hereinafter the 2012 Board decision), finding that claimant had no further causally-related disability. The Board's decision was based upon the opinion of Theodore Them, an impartial specialist to whom claimant was referred by the Board for examination. Them discredited MCS as a valid medical diagnosis or condition and opined that claimant had no continuing causally-related disability and was capable of working. Claimant did not perfect her appeal to this Court from the 2012 Board decision (156 AD3d at 1176; 131 AD3d at 1292).[FN1]
Claimant thereafter attempted to establish that she continued to suffer from a lesser degree of disability, i.e., a permanent partial disability due to MCS. Following a hearing, the Board ultimately ruled, in a January 2014 decision, that the 2012 Board decision had resolved the issue of claimant's degree of disability and established that she had no further causally-related disability due to MCS and could return to work. On claimant's appeal from the Board's 2014 decision, we affirmed, agreeing that the non-appealed 2012 Board decision had resolved the issue of her degree of disability and that claimant was not entitled to further develop the record regarding the issue of her causally-related disability (131 AD3d at 1292).
While claimant's appeal to this Court was pending from the Board's 2014 decision, she was evaluated by Jeffrey Newton, a psychiatrist, who diagnosed her with an adjustment disorder with anxious and depressed mood, as documented in a March 2014 report. A hearing was held in December 2015 on claimant's claim for consequential psychological injury arising out of her established claim for hypersensitivity and MCS. Although a WCLJ found prima facie medical evidence of a consequential psychiatric condition and continued the case for an independent medical examination (hereinafter IME), the Board reversed, finding that, as there was no further causally-related disability per the 2012 Board decision, there was no disability from which a consequential condition could arise. On appeal, we reversed, concluding that the 2012 Board decision "finding that, as of 2012, claimant no longer had a causally-related disability does not preclude claimant from raising the issue of a psychological injury consequentially related to her prior established claims of hypersensitivity reaction to fungi and [MCS]" (156 AD3d at 1177-1178). We noted that "[t]hose conditions were established in 2004 and 2006," claimant had received workers' compensation benefits for over 10 years based upon those injuries, and the record documented that "claimant was diagnosed and treated for psychological injuries during that time" (id. at 1178). Given Newton's 2014 opinion that claimant's psychiatric condition was causally related, in part, to her established physical diagnoses, we found that claimant was entitled to further develop the record on her claim for consequential psychiatric injury (id.).
Claimant was thereafter evaluated by the employer's independent medical consultant, Robert Conciatori, a psychiatrist who likewise diagnosed her with an "adjustment disorder with anxious and depressed mood" and "causally related consequential depression [and] anxiety." He opined that her psychiatric diagnosis stems from and is causally related to her 2004 workplace exposure and accident that was established for MCS. He further concluded that, although claimant was found in 2012 to be no longer disabled by MCS, nonetheless her experience with MCS and its effect on her life and career continue to cause anxiety and depression; he opined that she has a mild to moderate psychiatric disability and "could return to a low stress, low complexity job in an environmentally acceptable location." Newton submitted multiple C-4 and C-4.2 forms covering his exams of claimant from March 2014 through May 2018 and documenting claimant's diagnosis. Newton concluded that claimant was totally disabled by her causally-related medical and psychiatric conditions and that the long-term disability was permanent. Newton and Conciatori were thereafter deposed in May and July 2018, respectively, confirming their diagnoses. Thereafter, the parties submitted written summations. Claimant requested that her claim be amended to include a consequential adjustment disorder with depression and anxiety as diagnosed by both physicians, awards for temporary total disability for periods after March 13, 2014 and a permanent disability classification. The employer requested preclusion of Newton's report and testimony, arguing for the first time that he was an independent consultant rather than a treating physician and that he had failed to comply with Workers' Compensation Law § 137 and its implementing regulation, 12 NYCRR 300.2.
A WCLJ issued a decision amending the claim to include consequential adjustment disorder with depression and anxiety, finding that claimant's psychiatric illness was due to her work exposure dating back to 2004 for which she received treatment covered by the employer's workers' compensation carrier from 2004 through 2011. However, the WCLJ found that Newton had acted as an independent medical examiner or consultant rather than as a treating provider and precluded his report and testimony based upon unspecified noncompliance with Workers' Compensation Law § 137 and 12 NYCRR 300.2. The WCLJ found that claimant had no further causally-related lost time or disability as a result of her psychiatric condition, relying on, among other things, the absence of medical reports indicating that she had a psychiatric disability between October 2004 and the 2012 Board decision. The WCLJ emphasized that claimant had not pursued a consequential claim for psychiatric disability until after the 2012 Board decision finding that she no longer had a causally-related physical disability as a result of MCS. On appeal, the Board affirmed, adopting the WCLJ's findings and decision. Claimant appeals.
Initially, claimant argues that the WCLJ and the Board erred in precluding Newton's reports and testimony, which was based upon the conclusion that Newton was an IME examiner rather than claimant's treating physician and that he had failed to substantially comply with the IME requirements of Workers' Compensation Law § 137 and 12 NYCRR 300.2. Even accepting that the Board did not err in finding that Newton was required to but did not substantially comply with Workers' Compensation Law § 137 (see 12 NYCRR 300.2 [d] [8]; Matter of Esposito v Tutor Perini Corp., 158 AD3d 912, 913 [2018], lv denied 31 NY3d 906 [2018]), we conclude that the Board erred in precluding Newton's reports and testimony.
The employer first sought preclusion of Newton's testimony and reports in its written summation following the July 2018 depositions. Newton had submitted a psychological evaluation and reports dating back to March 2014 and thereafter, and the employer did not claim that it lacked those reports prior to deposing Newton, and the record reflects otherwise. Newton's medical reports were in fact the basis for the WCLJ's conclusion in December 2015 that there was prima facie medical evidence of a consequential psychiatric condition. Although reports that fail to substantially comply with the requirements of Workers' Compensation Law § 137 and the governing regulations are not admissible as evidence for purposes of diagnosis, causation, degree of disability and the like (see 12 NYCRR 300.2 [b] [4]; [d] [12]), there is an exception to preclusion where "the party raising an objection to the admissibility of the report does not raise such objection in a timely manner" (12 NYCRR 300.2 [d] [12]). We find that the employer failed to raise this issue or object to Newton's 2014 and 2015 reports at the December 2015 hearing, or to Newton's May 2018 report and update at the subsequent May 23, 2018 hearing at which Newton's reports were discussed, and the matter was put over for his deposition. Having first raised this issue years after it should have been addressed (see Matter of Pereira-Jersey v Rockland Community Coll., 151 AD3d 1154, 1156 [2017]), we find that the employer's objection was untimely such that the exception to the preclusion of Newton's testimony and reports should have been applied.[FN2]
We further find that the WCLJ's finding, adopted by the Board, that there was no competent medical evidence of a psychiatric disability and no compensable lost time after March 10, 2010 is not supported by substantial evidence in the record and must be reversed (see Matter of Rodriguez v Coca Cola, 178 AD3d 1184, 1186 [2019]). Significantly, Newton and Conciatori agreed on claimant's psychiatric diagnosis and that it was causally related to and consequential of her established physical diagnoses, but they differed only as to the degree of her disability. As the WCLJ noted, the record reflects that claimant was diagnosed with and treated for causally-related depression since 2004, and weekly psychotherapy was compensated until 2012. Contrary to the WCLJ's finding, her psychotherapist opined in 2011 and again thereafter that she was totally disabled as a result of her psychiatric condition. Moreover, the cessation of a causally-related physical illness and disability does not preclude a subsequent request to amend the claim to find a consequential, causally-related psychiatric illness and disability. We recognized as much in our 2017 decision, wherein we held that "the Board's finding that, as of 2012, claimant no longer had a causally-related disability does not preclude claimant from raising the issue of a psychological injury consequentially related to her prior established claims" (156 AD3d at 1178). Claimant's psychiatric expenses were compensated until the 2012 Board decision and she was receiving temporary total disability payments until then and, upon their cessation, she was entitled to apply for an award based upon a consequential diagnosis and disability. Notably, following the 2018 medical depositions, claimant sought temporary total disability awards only from March 2014 through the date of the WCLJ's decision and, thus, she did not need to establish that she was disabled as a result of her psychiatric illness prior to 2012.
We also find substantial evidence lacking for the WCLJ's and the Board's conclusion that, although the claim should be amended to include a consequential adjustment disorder with depression and anxiety, there was no causally-related disability or compensable lost time due to that psychiatric diagnosis. Although the WCLJ and the Board may disregard medical opinions "as incredible or insufficient" even where contrary medical evidence is not presented, "it may not fashion its own medical opinion" (Matter of Rodriguez v Coca Cola, 178 AD3d at 1186; see Matter of Bradley v US Airways, Inc., 58 AD3d 1043, 1045 [2009]). Newton and Conciatori agreed that claimant was disabled as a result of her consequential psychiatric illness, differing only on the degree, finding her, respectively, to be totally disabled and 37.5% disabled. The WCLJ's nonspecific rationale given for rejecting their findings as based upon an "incomplete record" or "incorrect interpretation of the record" has no record support. That conclusion was apparently based on the mistaken belief that claimant was "capable of continuing to work for several years" following her 2004 diagnosis and that her "actual exposure . . . had never previously caused disability." In addition to being inaccurate, that rationale did not address claimant's claim of consequential disability in 2014 and thereafter. Contrary to the employer's contentions, our 2017 decision did not limit the further development of the record to consequential psychiatric injury or preclude claimant from establishing that the psychiatric condition was disabling (156 AD3d at 1177-1178).
Garry, P.J., Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Claimant's application to the Board for reconsideration and/or full Board review of the 2012 Board decision was denied in March 2013, and there was no appeal therefrom.

Footnote 2: Although claimant did not raise this precise timeliness issue in her appeal to the Board, she argued that preclusion of Newton's reports and testimony based upon noncompliance with Workers' Compensation Law § 137 was in error, sufficiently preserving the issue for our review.