Matter of Troiano v New York City Hous. Auth. (2025 NY Slip Op 06377)

Matter of Troiano v New York City Hous. Auth.

2025 NY Slip Op 06377

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CV-24-1330
[*1]In the Matter of the Claim of Gary Troiano, Appellant,
v
New York City Housing Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:October 16, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Angiuli & Gentile, LLP, Staten Island (Brandon S. Clark, Flushing, of counsel [John F. Clennan, Ronkonkoma, of counsel]), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Housing Authority, respondent.

McShan, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed July 11, 2024, which ruled, among other things, that claimant's medical expert's report should have been precluded, and (2) from a decision of said Board, filed October 30, 2024, which denied claimant's application for reconsideration and/or full Board review.
Claimant, who is retired from his employment with the self-insured employer, has an established claim for a right wrist injury. In March 2023, a permanency report from Vasilios Kountis, a physician, was filed indicating that claimant had a 42.5% schedule loss of use (hereinafter SLU) of the right wrist, which a Workers' Compensation Law Judge (hereinafter WCLJ) accepted after the employer failed to meaningfully respond. The employer sought administrative review, arguing, for the first time, that Kountis should have been considered an independent medical examiner (hereinafter IME) and, because claimant failed to adhere to the requirements of Workers' Compensation Law § 137, Kountis' report should have been precluded. After administrative review, the Workers' Compensation Board, in a July 2024 decision, reversed the decision of the WCLJ, agreeing with the employer that Kountis was an IME, and his report should have been precluded. Following the Board's decision, claimant applied for reconsideration and/or full Board review, but his application was denied by the Board in an October 2024 decision. Claimant appeals from both decisions.
Initially, claimant argues that the Board erroneously considered an argument that the employer failed to raise before the WCLJ. The employer did argue, for the first time before the Board, that Kountis was an IME and not a treating physician. Although this Court "may only review issues which have been considered by the Board, the Legislature has not provided a similar limitation upon the Board's broad powers of review" (Matter of Ronda v Edenwald Contr., 216 AD2d 741, 741 [3d Dept 1995]). Indeed, "it lies within the Board's discretion to entertain arguments not raised before the WCLJ" and, accordingly, the Board appropriately exercised its broad jurisdiction to consider the employer's new argument on administrative review (Matter of Knapp v Bette & Cring LLC, 166 AD3d 1428, 1429 [3d Dept 2018] [internal quotation marks, brackets and citation omitted]; see Workers' Compensation Law § 123; Matter of Ghaffour v New York Black Car Operators, 224 AD3d 1021, 1022-1023 [3d Dept 2024]; Matter of Donovan v BOCES Rockland County, 63 AD3d 1310, 1313 [3d Dept 2009]).
That being said, we find that the Board erred in concluding that Kountis' report should have been precluded for failing to adhere to the requirements of Workers' Compensation Law § 137. Although "[a] report of an examination that does not substantially comply with the requirements of Workers' Compensation Law [§] 137 . . . shall not be admissible as evidence," a party raising an objection to such a report's admissibility must "raise [that] objection [*2]in a timely manner" (12 NYCRR 300.2 [d] [12]; see Matter of Vaughan v Heritage Air Sys., Inc., 208 AD3d 1562, 1564 [3d Dept 2022]; Matter of Page v Liberty Cent. Sch. Dist., 188 AD3d 1373, 1376 [3d Dept 2020]). Claimant filed Kountis' report in March 2023, after which the employer was notified that it had 75 days to respond in any of several enumerated ways, including by filing a memorandum to refute the sufficiency and credibility of the report. At no time during that 75-day period did the employer challenge Kountis' report for failing to adhere to the requirements of Workers' Compensation Law § 137. Further, the employer failed to raise the argument during the subsequent hearing held in September 2023. It is clear that the employer had, and failed to avail itself of, ample opportunity to challenge Kountis' report prior to the WCLJ's determination. As a result, the employer's eventual challenge was untimely, and it was error for the Board to preclude Kountis' report (see Matter of Page v Liberty Cent. Sch. Dist., 188 AD3d at 1376; see generally Matter of Napoli v Con Edison, 169 AD3d 1121, 1122 [3d Dept 2019]).
In light of the foregoing, claimant's appeal from the Board's denial of his application for reconsideration and/or full Board review is rendered academic (see Matter of Espinoza v City Safety Compliance Corp., 220 AD3d 1033, 1036 [3d Dept 2023]; Matter of Murphy v New York State Cts., 201 AD3d 1072, 1074 [3d Dept 2022]). Claimant's remaining contentions, to the extent that they are properly before us, have been considered and found to lack merit or are academic in light of our decision.
Aarons, J.P., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the decision filed July 11, 2024 is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the decision filed October 30, 2024 is dismissed, as academic, without costs.