Matter of Figueroa v Sing Sing Corr. Facility

2026 NY Slip Op 02314

April 16, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of Karen Figueroa, Appellant,

v

Sing Sing Correctional Facility et al., Respondents. Workers' Compensation Board, Respondent.

Decided and Entered:April 16, 2026

CV-25-0451

Calendar Date: March 23, 2026

Before: Clark, J.P., Ceresia, Fisher, Powers And Corcoran, JJ.

Finkelstein, Meirowitz & Eidlisz, LLP, Old Westbury (Levi Grosswald of counsel), for appellant.

David F. Wertheim, State Insurance Fund, Albany (Jared Schneiderman of counsel), for Sing Sing Correctional Facility and another, respondents.

[*1]

Powers, J.

Appeal from a decision of the Worker's Compensation Board, filed March 7, 2025, which denied claimant's Workers' Compensation Law § 137 request to preclude an independent medical examination report.

In September 2022, claimant was injured at work when her left arm was hit by a gate while attempting to close it. Her claim for workers' compensation benefits was established for an injury involving the left shoulder and, following a course of treatment, a permanency report was filed indicating that she had sustained a 40% schedule loss of use (hereinafter SLU) of the left arm. On August 31, 2023, the State Insurance Fund (hereinafter SIF) filed an IME-5 form (Claimant's Notice of Independent Medical Examination) notifying claimant of an independent medical examination (hereinafter IME) scheduled for September 13, 2023 to address and comment on, among other things, permanency and, if appropriate, SLU. Following that IME, on September 25, 2023, SIF's medical consultant produced and filed an IME-4 (Cover Sheet for Report of Independent Medical Examination) and medical report finding that claimant's injury had reached permanency and that she had sustained a 22.5% SLU of the left arm. Claimant's treating physician also evaluated claimant for permanency and, finding that the injury had reached permanency, opined that she had sustained a 40% SLU of the left arm. On April 18, 2024, following depositions of the physicians who evaluated claimant and a hearing, claimant submitted a written summation requesting preclusion of the September 2023 IME-4 report, arguing that the instructions that were attached to the IME-5 form constituted a separate communication that required, pursuant to Workers' Compensation Law § 137, the filing of a separate IME-3 form which was not done here.FN1 In a May 2024 reserved decision, a Workers' Compensation Law Judge (hereinafter WCLJ) declined to preclude the September 2023 report and found the medical opinion of the carrier's consultant more credible with respect to his finding that claimant had sustained a 22.5% SLU of the left arm. Upon administrative review, the Workers' Compensation Board affirmed the decision of the WCLJ in its entirety. As is relevant here, the Board found that the September 2023 IME report need not be precluded because it was in substantial compliance with Workers' Compensation Law § 137 and, therefore, may be considered. Claimant appeals.FN2

In addition to providing a prohibition against "the improper influencing or attempt by any person improperly to influence the medical opinion of any physician who has treated or examined an injured employee" (Workers' Compensation Law § 13-a [6] [a]; accord Matter of Petti v Asplundh Constr. Corp., 244 AD3d 1539, 1540 [3d Dept 2025]; see Workers' Compensation Bd Release Subject No. 046-1749 [Mar. 21, 2025]; Workers' Compensation Bd Release Subject No. 046-124 [Nov. 24, 2003]),FN3 the Workers' Compensation Law provides certain provisions and rules applicable solely to IMEs [*2](see Workers' Compensation Law § 137; 12 NYCRR 300.2). As relevant here, the Workers' Compensation Law provides that, "[i]f a practitioner who has performed or will be performing an [IME] of a claimant receives a request for information regarding the claimant, including faxed or electronically transmitted requests, the practitioner shall submit a copy of the request for information to the [B]oard within [10] days of receipt of the request" (Workers' Compensation Law § 137 [1] [b]; see Workers' Compensation Bd Release Subject No. 046-1749 [Mar. 21, 2025]). Copies of all responses to such requests for information regarding a claimant (such as an IME), including all materials which are provided in response to such a request, are required to be "submitted by the responding practitioner to the [B]oard within [10] days of submission of the response to the requestor" (Workers' Compensation Law § 137 [1] [c]; see Workers' Compensation Bd Release Subject No. 046-1749 [Mar. 21, 2025]).

The Board's rules provide that a request for information, for purposes of Workers' Compensation Law § 137 (1) (b), "means any substantive communication with an independent medical examiner, or his or her office, regarding the claimant from any person or entity, including a claimant, an insurance carrier, or a third party administrator, that takes place or is initiated outside of the [IME], including a request or referral for examination and any communication related thereto, questions or inquiries related to the claimant or the examination, and the provision of information to the examiner for review in connection with a request for the examiner's professional opinion with regard to the claimant or the examination" (12 NYCRR 300.2 [b] [11]).FN4 "A report of an examination[, or request for an IME,] that does not substantially comply with the requirements of Workers' Compensation Law [§] 137 . . . shall not be admissible as evidence" for various enumerated purposes including, as relevant here, SLU (12 NYCRR 300.2 [d] [12]; see 12 NYCRR 300.2 [b] [4]; Matter of Olczyk v Verizon N.Y., Inc., 33 AD3d 1109, 1109 [3d Dept 2006]). A party requesting preclusion of an IME report must do so in a "timely manner" (12 NYCRR 300.2 [d] [12]; see Matter of Page v Liberty Cent. Sch. Dist., 188 AD3d 1373, 1376 [3d Dept 2020]).

"The Chair [of the Board] has prescribed the IME-3 form as the proper form for the independent medical examiner to file concerning both the submission of a request for information, and for the examiner's response to that request" (Employer: NYC Transit Authority, 2026 WL 124802, *2, 2026 NY Wrk Comp LEXIS G3452976, *1 [WCB No. G345 2976, Jan. 13, 2026]; accord Employer: FOJP Service Corporation, 2024 WL 294045, *3, 2024 NY Wrk Comp LEXIS 344, *7 [WCB No. G151 1069, Jan. 18, 2024]). However, in cases where an IME-3 form is not timely filed or not filed at all, the Board has consistently declined requests to preclude IME reports where the carrier properly filed an IME-5 form [*3]and instructions that included the purpose of the IME and the questions being posed to the carrier's consultant (see e.g. Employer: Tishman Speyer Properties LP, 2026 WL 200333, *2, 2026 NY Wrk Comp LEXIS 301, *3 [WCB No. G343 2971, Jan. 16, 2026]; Employer: NYC Transit Authority, 2026 WL 124802, *2, 2026 NY Wrk Comp LEXIS G3452976, *1 [WCB No. G345 2976, Jan. 13, 2026]; Employer: FOJP Service Corporation, 2024 WL 294045, *3, 2024 NY Wrk Comp LEXIS 344, *7 [WCB No. G151 1069, Jan. 18, 2024]).

The record reflects that SIF issued and filed an IME-5 form, along with instructions for the examiner, on August 31, 2023 and the IME report was then filed on September 25, 2023. Claimant, however, did not object to the IME report until her written summation on April 18, 2024. Despite having seven months and ample time to raise her objection, claimant did not do so. We therefore discern no abuse of discretion in the Board's finding that claimant did not raise her objection to the IME report in a "timely manner" (12 NYCRR 300.2 [d] [12]; see Matter of Page v Liberty Cent. Sch. Dist., 188 AD3d at 1376). Nevertheless, as the Board found, there was no basis to preclude the September 2023 IME report. Although no IME-3 form was filed, the IME-5 and the instructions for the examiner were filed and received by the Board at the same date and time. The instructions for the examiner identified the specific body parts to be examined and requested that the examiner render findings on, among other things, maximum medical improvement, permanency and impairment percentage for the site of injury. Additionally, neither Workers' Compensation Law § 137 nor the Board's rules expressly require the use of an IME-3 form to satisfy the applicable notice and filing requirements (see Workers' Compensation Law § 137; 12 NYCRR 300.2), and claimant does not argue or otherwise suggest that she lacked notice of the scheduling of the September 2023 IME.FN5 In view of the foregoing, we discern no abuse of discretion in the Board's alternative finding that there was substantial compliance with Workers' Compensation Law § 137 and 12 NYCRR 300.2 and that the September 2023 IME report should therefore not be precluded (see Employer: Tishman Speyer Properties LP, 2026 WL 200333, *2, 2026 NY Wrk Comp LEXIS 301, *3 [WCB No. G343 2971, Jan. 16, 2026]; Employer: NYC Transit Authority, 2026 WL 124802, *2, 2026 NY Wrk Comp LEXIS G3452976, *1 [WCB No. G345 2976, Jan. 13, 2026]; Employer: FOJP Service Corporation, 2024 WL 294045, *3, 2024 NY Wrk Comp LEXIS 344, *7 [WCB No. G151 1069, Jan. 18, 2024]). Accordingly, we will not disturb the Board's decision in this respect.

To the extent that claimant's remaining contentions are properly before us and have not been rendered academic by our decision, they have been considered and found to be without merit.

Clark, J.P., Ceresia, Fisher and Corcoran, JJ., concur.

ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The IME-3 form may be used by a practitioner to report a request for information regarding a claimant's IME and/or to otherwise satisfy their filing obligations under Workers' Compensation Law § 137.

Footnote 2: Although the Board's decision addressed SLU and credited the impairment percentage found by the carrier's consultant, claimant has failed to raise any substantive arguments in her brief regarding that portion of the Board's decision and has thus abandoned any claims in that regard (seeMatter of James v Premier Home Health Care, 232 AD3d 1017, 1018 n [3d Dept 2024]).

Footnote 3: To the extent that claimant argues that there was improper influence under Workers' Compensation Law § 13-a (6), this claim was never advanced before the Board and is therefore not properly before us (seeMatter of Murrah v Jain Irrigation, Inc., 157 AD3d 1088, 1089 [3d Dept 2018]).

Footnote 4: Although disclosure of substantive communication with the medical provider is required, the Board's rules do not require further filing with the Board when documents or records constituting the substantive communication are already part of the Board's file and are accessible to all parties (see 12 NYCRR 300.2 [b] [11]; see also Workers' Compensation Bd Release Subject No. 046-769 [July 9, 2015]).

Footnote 5: Notably, the IME-3 form itself states that "[i]f the request for information is limited to a request for scheduling of an [IME], you need not file this form. However, you must send a copy of Form IME-5 . . . to the Workers' Compensation Board" (Workers' Compensation Board, Independent Examiner's Report of Request for Information/Response to Request Regarding Independent Medical Examination, available at https://www.wcb.ny.gov/content/main/forms/ime3.pdf [last accessed March 20, 2026]). This suggests that, under the circumstances presented here, the filing of the IME-3 would not be necessary.