■ In the Matter of the Claim of THEODORE DAVIS, Appellant, v GA BRAUN, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [761 NYS2d 387] —Lahtinen, J. Appeal from an amended decision of the Workers' Compensation Board, filed March 6, 2002, which ruled, inter alia, that further development of the record with respect to the permanency of claimant's back injury was unwarranted.

On May 7, 1993, claimant injured his lower back while working for the employer. A workers' compensation claim was filed in connection with this injury. Claimant returned to work without restrictions after July 12, 1993. Due to the circumstances of the claim and because it was not controverted, the Workers' Compensation Board proposed a conciliation agreement under which the case would be established for accident,

notice and causal relationship, and claimant would be awarded benefits from May 10, 1993 through July 12, 1993. The agreement was subsequently approved by the chair of the Board and was filed as an award.

On March 5, 1996, claimant injured his right shoulder while working for the employer. A workers' compensation claim was also filed in connection with this injury. Following a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ), the case was established for accident, notice and causal relationship and various awards covering different time periods were made. In September 1996, claimant was involved in an unrelated motor vehicle accident. A hearing was subsequently held on November 21, 1996 during which both claims were reopened, they were combined for purposes of determining apportionment and degree of disability, and the case was continued for further development of the record.

Following the submission of additional medical proof, at a hearing on June 20, 2000 the WCLJ concluded that claimant had failed to adequately develop the record with respect to his back claim as there was an absence of medical evidence demonstrating that he lost time from work subsequent to July 12, 1993 due to his back injury. In addition, the WCLJ found that claimant was entitled to a 30% schedule loss of use of his right arm due to his shoulder injury, which she apportioned 20% to his unrelated motor vehicle accident and 80% to his March 1996 work-related accident. Claimant sought Board review arguing, among other things, that the schedule award should be rescinded and he should be classified as permanently partially disabled to a moderate degree.

The Board affirmed the WCLJ's decision and found that further development of the record on the issue of permanency was unwarranted. It, however, directed a further hearing on the issue of counsel fees. At that hearing, the issue of claimant's back injury was again raised and the WCLJ concluded, contrary to her prior ruling, that claimant should be permitted the opportunity to present further medical evidence on the degree of disability relating to this injury. Upon appeal by the employer's workers' compensation carrier, the Board modified the WCLJ's decision insofar as it granted claimant the opportunity to further develop the record concerning his back claim and concluded that this was unwarranted. Claimant now appeals.

We affirm. Under the circumstances presented, we do not find that the Board abused its discretion in refusing claimant the opportunity to further develop the record with respect to

his back claim (see Matter of La Fave v St. Lawrence County, 283 AD2d 790, 791 [2001]). The back claim was reopened in November 1996, together with the shoulder claim, for the express purpose of obtaining further medical evidence on the issues of apportionment and degree of disability. Although additional medical evidence was introduced concerning the extent of claimant's shoulder injury, none was submitted concerning claimant's back injury. Claimant had ample opportunity to present such evidence since it was not until the June 2000 hearing that the WCLJ initially decided that claimant had failed to establish a disability related to the back claim. Yet, claimant has not put forth a reasonable explanation for his failure to do so. Claimant contends that there was no reason to pursue the back claim until the June 2000 hearing when he was given a schedule loss of use award resulting in the suspension of his weekly benefits related to his shoulder injury. However, the fact that the disposition of the shoulder claim did not actually impact him until this time does not excuse his neglect in presenting medical evidence of permanency on the back claim, particularly since such evidence was being submitted in connection with the shoulder claim. Consequently, we find no reason to disturb the Board's amended decision. We have considered claimant's remaining arguments and find them to be without merit.

Cardona, P.J., Mercure, Crew III and Rose, JJ., concur. Ordered that the amended decision is affirmed, without costs.