Peters, J.
Appeals (1) from an amended decision of the Workers’ Compensation Board, filed July 18, 2002, which ruled, inter alia, that further development of the record on the issue of the employer’s liability under Workers’ Compensation Law § 56 was unwarranted, and (2) from a decision of said Board, filed March 10, 2003, which denied the employer’s request for reconsideration or full Board review.
On July 27, 1987, claimant was involved in a serious automobile accident while driving a vehicle owned by his employer, a cleaning service. The accident required claimant to undergo a lobotomy leaving him with a severe mental impairment. A claim for workers’ compensation benefits was subsequently filed resulting in extended proceedings during which it was disclosed that the employer did not maintain workers’ compensation insurance. At a hearing before a Workers’ Compensation Law Judge (hereinafter WCLJ) on February 3, 1995, the employer contended that Cleanway Industries, Inc. was a general contractor whose insurance carrier, Travelers Insurance Company, was responsible for the claim under Workers’ Compensation Law § 56. At the conclusion of the hearing, the WCLJ discharged Cleanway and Travelers from the case. The Workers’ Compensa *673 tion Board, however, reversed the WCLJ’s decision on March 24, 1998 and restored the case to the trial calendar, placing Travelers back on notice.
At hearings on September 4, 1998 and January 10, 2000, which the employer did not attend, the Workers’ Compensation Law § 56 issue was raised but no further testimony was taken. At a hearing on May 25, 2000, which the employer did attend, the WCLJ finally established the case for accident, notice and causal relationship, but discharged and removed Cleanway. On appeal, the Board issued an April 16, 2001 decision that, among other things, directed that the record be further developed on the issue of the applicability of Workers’ Compensation Law § 56, as previously instructed. The Board, however, sua sponte, issued an amended decision on July 18, 2002 wherein it, among other things, rescinded its direction that the record be further developed on the issue of Workers’ Compensation Law § 56, concluding that the employer had waived this issue. The employer sought reconsideration or full Board review of this decision. This request was denied. The employer now appeals both decisions.
Generally, the Board’s determination of whether or not to allow further development of the record on a particular issue will not be disturbed absent an abuse of discretion (see e.g. Matter of Davis v GA Braun, 306 AD2d 727, 729 [2003]; Matter of Hughes v Steuben County Self-Ins. Plan, 248 AD2d 757, 758 [1998]). We must conclude that the Board abused its discretion under the particular circumstances presented here. While we are sympathetic to the fact that this compensation case had been pending for nearly 15 years at the time of the Board’s amended decision, the Board failed to articulate a compelling reason for its complete turnaround, initiated without the request of any of the parties and without any apparent regulatory authorization. We note that the Workers’ Compensation Law § 56 issue had been pending since 1995 and was a topic on which the record was supposed to have been further developed on more than one occasion. There is no indication why the Board’s directive was not followed. Significantly, the issue was raised and discussed by various parties, including Travelers which had a vested interest in the matter, at hearings conducted after 1995. Although the Board places much emphasis on the employer’s absence at two of these hearings, it appears that the employer’s counsel died sometime after the February 3, 1995 hearing and that at least some of the hearing notices were sent to the wrong address, thus providing a potentially reasonable excuse for its failure to attend. Insofar as we find nothing in the record to justify the *674 Board’s radical departure from its prior decision ordering that the Workers’ Compensation Law § 56 issue be further explored, its decisions must be reversed (see generally Matter of Williams v New York State Dept. of Transp., 277 AD2d 592, 592 [2000]).
Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the amended decision and decision are reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.