■ In the Matter of CARMELITA REECE, Appellant, v CITY OF NEW YORK, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [869 NYS2d 281]—

Kane, J.

Claimant, a patient care technician, sustained a work-related injury to her lower back on September 13, 2005 and was out of work until September 28, 2005. She continued to be absent from work periodically over the next three months and did not report to work at all after January 1, 2006. In February 2006, the employer advised claimant that it intended to fire her for excessive absenteeism and invited claimant to submit medical documentation to support her claim that her absences were due to the September 2005 injury. Claimant apparently failed to produce the requested documentation and, in April 2006, resigned in lieu of being fired.

Claimant thereafter filed an application for workers' compensation benefits, which the employer controverted. Following a hearing, at which claimant was the only witness, a Workers' Compensation Law Judge (hereinafter WCLJ) established claimant's case for her back injury and awarded benefits from September 14, 2005 to September 21, 2005, the day upon which she was medically cleared to return to work. The WCLJ further concluded, however, that claimant's subsequent wage loss was unrelated to her compensable injury. Upon review, the Workers' Compensation Board affirmed, finding that claimant offered only vague testimony concerning her lost time from work and that she tendered insufficient medical proof to substantiate her claim that such lost time was attributable to her compensable injury. This appeal ensued.

We affirm. The record contains substantial evidence to support the Board's finding that claimant's wage loss was unrelated to her compensable injury. While claimant was the only witness to testify as to her absences and the reasons therefor, the record supports the Board's finding that her testimony on these points was vague and unsubstantiated. Despite the employer's prior request for medical documentation and claimant's knowledge that the claim was controverted, she nonetheless produced only limited medical documentation at the hearing. Under the circumstances, we cannot say that the WCLJ improvidently denied claimant's request for an adjournment or that the Board abused its discretion in declining claimant's invitation to restore this matter to the hearing calendar for fur-

ther development of the record on this point (*see generally Matter of McCrocklin v Bernstein*, 48 AD2d 987, 988 [1975]). As to the medical evidence that was tendered, "it is within the province of the Board to accept or reject any portion of the medical evidence presented" (*Matter of Ferraina v Ontario Honda*, 32 AD3d 643, 644 [2006]). Accordingly, there is no basis upon which to disturb the Board's decision. Claimant's remaining arguments, including her assertion that her due process rights were violated, have been examined and found lacking in merit.

Cardona, P.J., Mercure, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.