■ In the Matter of the Claim of FELICIA PRINCE, Appellant, v VERIZON NEW YORK et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [57 NYS3d 914]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed April 19, 2016, which disallowed claimant's claim for workers' compensation benefits.

Claimant applied for workers' compensation benefits alleging an occupational disease to her neck due to repetitive stress/strain in connection with her employment as a customer service attendant. The employer and its workers' compensation carrier disputed the claim. The Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence for a neck injury based upon a physician's report and ordered a hearing with regard to the claim, to include the submission of medical evidence. Following a hearing, claimant acknowledged that there was insufficient medical evidence to establish the claim, but requested that the case continue. The WCLJ found that the medical evidence did not establish the claim, but marked the claim no further action based upon a failure to prosecute, thereby providing claimant with an opportunity to produce further evidence to establish her claim. The Workers' Compensation Board reversed the WCLJ's decision and disallowed the claim, finding that the record had been fully developed on the issue of occupational disease involving claimant's neck and that there was no medical evidence to support the claim. Claimant appeals.

"Generally, the Board's determination of whether or not to allow further development of the record on a particular issue will not be disturbed absent an abuse of discretion" (*Matter of Finchum v Colaiacomo*, 1 AD3d 672, 673 [2003] [citations omitted]; *see Matter of Pelaez v Silverstone*, 93 AD3d 1042, 1043 [2012], *lv dismissed and denied* 19 NY3d 954 [2012]). The record establishes that claimant was aware of the scope of the hearing and had an opportunity to be heard regarding the

establishment of her occupational disease to her neck. In addition to claimant's testimony, medical evidence from her treating physicians and from an independent medical examiner was presented. As acknowledged by claimant, the limited medical evidence was insufficient to establish her claim. Under these circumstances, we are unpersuaded that the Board improvidently exercised its discretion in declining to allow further development of the record regarding the occupational disease involving her neck (*see Matter of Pelaez v Silverstone*, 93 AD3d at 1043; *Matter of Reece v City of New York*, 57 AD3d 1146, 1147-1148 [2008]; *Matter of Davis v GA Braun*, 306 AD2d 727, 728-729 [2003]). Claimant's remaining contention is without merit.

McCarthy, J.P., Lynch, Rose and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.