Matter of Mayewski v Superior Plus Energy Servs. (2021 NY Slip Op 01469)





Matter of Mayewski v Superior Plus Energy Servs.


2021 NY Slip Op 01469


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

531803

[*1]In the Matter of the Claim of David Mayewski, Appellant,
v
Superior Plus Energy Services, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: February 5, 2021

Before: Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Segar & Sciortino PLLC, Rochester (Erin F. Boardman of counsel), for appellant.
Law Offices of Melissa A. Day, PLLC, Amherst (Brian K. Prince of counsel), for Superior Plus Energy Services, respondent.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed December 4, 2019, which ruled that claimant's injuries were amenable to a nonschedule classification.
Claimant was injured in a work-related accident in 2013 when sparks from the tool he was using ignited flammable liquid/vapors, causing second- and third-degree burns to his right arm, right leg and abdomen. These burns, which covered approximately 12.5% of claimant's total body surface area, resulted in scarring and necessitated various skin grafts. Following the establishment of his claim for workers' compensation benefits and a temporary period of partial disability, claimant returned to work at his preinjury wages.
In 2018, claimant underwent a permanency evaluation, and both his treating physician and the physician who performed an independent medical examination of claimant tendered reports finding, as relevant here, that claimant had sustained a schedule loss of use of his right arm and leg. Although the independent medical examiner did not render an opinion as to permanency, claimant's treating physician further found that claimant had sustained a nonschedule permanent impairment of the "torso/skin" with a class 3, severity G rating. Upon reviewing the respective reports and the testimony of the independent medical examiner, a Workers' Compensation Law Judge found that claimant's injuries were amenable to a nonschedule classification. The Workers' Compensation Board agreed, prompting this appeal by claimant.[FN1]
The Workers' Compensation Law draws a distinction between awards for a permanent partial disability resulting from the loss of specific body parts or functions (see Workers' Compensation Law § 15 [3] [a]-[v]), i.e., schedule loss of use awards, and "all other cases of permanent partial disability" (Workers' Compensation Law § 15 [3] [w]), i.e., those cases that are not amenable to a schedule award. Notably, a schedule loss of use award applies only "to statutorily-enumerated body members" (Matter of Johnson v City of New York, 180 AD3d 1134, 1136 [2020] [internal quotation marks and citations omitted], lv granted 35 NY3d 915 [2020]; see Workers' Compensation Law § 15 [3] [a]-[v]; Workers' Compensation Guidelines for Determining Impairment §§ 1.5, 1.6, at 7-9 [2018]). Although impairment of an extremity may be amenable to a schedule award under certain circumstances (see Workers' Compensation Guidelines for Determining Impairment § 1.5, at 8 [2018]), not all impairments of an extremity qualify, including those involving a "[c]hronic painful condition of an extremity commonly affecting the distal extremities such as the hands and feet" and accompanied by, as relevant here, "[o]bjective findings or chronic . . . hypersensitivity or changes of skin color and temperature such as mottling" (Workers' Compensation Guidelines for Determining Impairment § 1.6, at 8 [2018]). As a result, "[a] nonschedulable permanent partial disability classification, rather than a schedule [*2]loss of use award, is indicated where there is a continuing condition of pain or continuing need for medical treatment or the medical condition remains unsettled" (Matter of Tobin v Finger Lakes DDSO, 162 AD3d 1286, 1287 [2018] [internal quotation marks and citations omitted]). "Whether a schedule loss of use award or a nonschedulable permanent partial disability classification is appropriate constitutes a question of fact for the Board's resolution, and its determination will be upheld if supported by substantial evidence" (id. at 1287 [citations omitted]; accord Matter of Rodriguez v Coca Cola, 178 AD3d 1184, 1186 [2019]).
To the extent that claimant relies upon our prior decision in Matter of Taher v Yiota Taxi, Inc. (162 AD3d 1288 [2018], lv dismissed 32 NY3d 1197 [2019]) and its progeny (see e.g. Matter of Arias v City of New York, 182 AD3d 170 [2020]), the employer is correct in noting that the issue is not whether claimant is simultaneously entitled to a schedule loss of use award and a nonschedule classification for injuries arising out of the same work-related incident, but whether the Board properly concluded that claimant's injuries were amenable to a nonschedule classification in the first instance. In this regard, the Board relies upon the opinion of claimant's treating physician, who indicated that claimant had sustained nonschedule permanent injuries to his skin with a class 3, severity G rating (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity, table 14.1, at 106 [2012]). Claimant argues, however, that such opinion and classification were limited to claimant's torso and have no bearing upon the limited range of motion documented in the affected extremities.
Although claimant's treating physician initially assigned the class and severity rating to claimant's torso/skin, his report reiterates that such classification is "due to objective findings of [a] skin disorder and limitations in some activities." Consistent with that finding, claimant's physician goes on to describe claimant's loss of sweat glands due to his burns, resulting in "issues of thermal regulation," and notes the ease with which claimant may "overheat" during the summer months. Claimant's physician also observed that claimant "can only wear certain clothing due to skin irritation" and that he requires over-the-counter medication for intermittent pain, as well as the "regular use of skin care agents for maintaining moisture and residual elasticity." These observations are consistent with claimant's documented "scarred skin tissue sites" and "patchy areas of hyperemia" — the latter of which refers to "an excess of blood in a body part" (Merriam-Webster Online Dictionary [https://www.merriam-webster.com/
dictionary/hyperemia]) — as well as his complaints of "a stiff, tight, pulling sensation" in the affected areas. Additionally, although claimant's pain may not be severe, he complained of intermittent pain as [*3]recently as July 2019. In light of these circumstances, substantial evidence supports the Board's finding that claimant's injuries were amenable to a nonschedule classification. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant's application for reconsideration and/or full Board review was denied.