Matter of Bugianishvili v Alliance Refrig. Inc. (2021 NY Slip Op 04076)





Matter of Bugianishvili v Alliance Refrig. Inc.


2021 NY Slip Op 04076


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

532120
[*1]In the Matter of the Claim of Archil Bugianishvili, Respondent,
v
Alliance Refrigeration Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:May 26, 2021 

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

LOIS LLC, New York City (Bailey Ott of counsel), for appellants.
Cohen & Siegel, PLLC, White Plains (Jacob Meranda of counsel), for Archil Bugianishvili, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed March 3, 2020, which ruled, among other things, that claimant sustained a permanent total disability.
Claimant, a mechanic, filed a claim for workers' compensation benefits after an April 2016 incident in which he was exposed to toxic gas while working in a poorly ventilated basement. The claim was established for various respiratory and neurological ailments, and was later amended to include posttraumatic stress disorder and major depression. A Workers' Compensation Law Judge thereafter determined, among other things, that claimant had reached maximum medical improvement and had a permanent total disability as of November 2019. The Workers' Compensation Board affirmed, and the employer and its workers compensation carrier (hereinafter collectively referred to as the carrier) appeal.
We affirm. The Board credited the May 2019 medical opinion of an occupational physician who conducted an independent medical examination of claimant at the carrier's request and issued a detailed report in which she reviewed claimant's medical history, recited the results of her examination, and found that claimant had reached maximum medical improvement and was permanently totally disabled as a consequence of the April 2016 incident. It was within the Board's discretion to credit that opinion and, having done so, we discern substantial evidence in the record for its determination as to the permanency and degree of claimant's disability (see Matter of Olaya v United Parcel Serv. Inc., 176 AD3d 1266, 1270-1271 [2019]; Matter of Malerba v Ameron Global, Inc., 117 AD3d 1302, 1302-1303 [2014]; Matter of VanDermark v Frontier Ins. Co., 60 AD3d 1171, 1172 [2009]). Substantial evidence similarly supports the Board's determination that apportionment was not needed to address a separate 2016 incident in which claimant sustained burns that played no apparent role in his disability (see Matter of Cox v Suburban Propane, LP, 179 AD3d 1425, 1426-1427 [2020]; Matter of Levitsky v Garden Time, Inc., 126 AD3d 1264, 1265 [2015]).
Finally, upon this record, the Board did not abuse its discretion in declining to allow further development of the record on claimant's condition before rendering its decision (see Matter of Prince v Verizon N.Y., 153 AD3d 1111, 1111-1112 [2017]). The carrier's remaining arguments, to the extent that they are preserved for our review, have been considered and are unavailing.
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.