Matter of Foster v New York State Off. of Children & Family Servs. (2026 NY Slip Op 00643)

Matter of Foster v New York State Off. of Children & Family Servs.

2026 NY Slip Op 00643

Decided on February 11, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 11, 2026

CV-24-1104
[*1]In the Matter of the Claim of Vincent Foster, Appellant,
vNew York State Office of Children and Family Services et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 14, 2026

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher, McShan and Mackey, JJ.

Kirk & Teff, LLP, Kingston (Rebeccah W. Kane of counsel), for appellant.
David F. Wertheim, State Insurance Fund, Albany (Alisa A. Ammerman of counsel), for New York State Office of Children and Family Services and another, respondents.

Reynolds Fitzgerald, J.P.
Appeals from a decision and an amended decision of the Workers' Compensation Board, filed January 5, 2024 and September 13, 2024, which ruled, among other things, that claimant's work-related injuries were amenable to a nonschedule classification.
In the course of his work as a youth division aide for the employer, claimant sustained injuries to his right knee, right elbow, right index finger, right shoulder and low back in 2015, as well as injuries to both of his elbows, hands, hips, knees, ankles and his right index finger in 2019. His ensuing workers' compensation claims were established, and the parties were directed to produce permanency reports addressing all established injuries and the question of apportionment. The physicians who examined claimant were deposed after they disagreed, in relevant part, as to whether claimant's permanent impairments were amenable to a nonschedule classification as opposed to a schedule loss of use award for the various sites of injury. A Workers' Compensation Law Judge thereafter found that claimant had a 60% loss of wage-earning capacity and classified him as having a permanent partial disability, apportioned equally between the 2015 and 2019 claims, as well as that he was not entitled to wage loss benefits because he continued to work for pre-injury wages. Claimant sought administrative review and, in a decision filed in January 2024 and an amended decision filed in September 2024, the Workers' Compensation Board affirmed. Claimant appeals from both.
We affirm. "Whether a schedule loss of use award or a nonschedulable permanent partial disability classification is appropriate constitutes a question of fact for the Board's resolution, and its determination will be upheld if supported by substantial evidence" (Matter of Lyman v New York State Canal Corp., 208 AD3d 1571, 1572 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Ayars v Navillus Tile Co., 219 AD3d 1614, 1615 [3d Dept 2023]; Matter of Haight v Con Edison, 78 AD3d 1468, 1468 [3d Dept 2010], lv denied 16 NY3d 708 [2011]). In assessing whether substantial evidence supports the Board's determination of that issue, we are mindful that "[t]he Board is vested with the discretion to resolve conflicting medical opinions, and . . . is free to accept or reject all or part of medical evidence that is offered as well as determine the weight to be given thereto" (Matter of Ayars v Navillus Tile Co., 219 AD3d at 1615-1616 [internal quotation marks and citations omitted]; see Matter of Olorode v Streamingedge Inc., 231 AD3d 1245, 1247 [3d Dept 2024]).
Some medical evidence in the record reflected that schedule loss of use awards were appropriate, most notably the reports and deposition testimony of two orthopedic surgeons who conducted medical examinations of claimant, found that he suffered from restricted range of motion at various injury sites that was permanent, and specified schedule losses of use for each affected body part[*2]. A third orthopedic surgeon who conducted a medical examination of claimant, Shanker Krishnamurthy, disagreed. Krishnamurthy authored a report in which he noted the discrepancies in the restrictions observed by other physicians and their disagreements over what schedule loss of use awards would be appropriate, as well as the difficulty in reconciling claimant's continuing "ability to work full time full duty with the ranges of motion that [claimant] demonstrated" during Krishnamurthy's own examination, and concluded that he could not offer a schedule loss of use opinion for the multiple sites involved and that classification with a permanent partial disability was "more reasonable" under the circumstances. Krishnamurthy reiterated that opinion during his deposition testimony, explaining how it was "very difficult to reconcile" the schedule loss of use percentages assigned to multiple sites of injury by the other physicians with claimant's continued ability to work full time, rendering schedule loss of use awards "inappropriate" under the Workers' Compensation Guidelines for Determining Impairment and warranting a nonschedule classification instead.
The Board credited Krishnamurthy's opinion over that of the other physicians, specifically agreeing that a nonschedule classification was appropriate because the schedule loss of use awards under the guidelines could not accurately reflect claimant's overall condition given his continued ability to work without restrictions despite his chronic loss of function in multiple injured extremities (see e.g. New York Workers' Compensation Guidelines for Determining Impairment § 1.6 [1], [2] at 8 [1st ed 2017]). Deferring to that assessment of credibility — and noting that, while the impairment guidelines "provide useful criteria to be used in assessing a claimant's degree of disability, the ultimate determination rests with the Board" — substantial evidence supports the Board's determination that claimant's injuries were better classified as a marked permanent partial disability (Matter of Ayars v Navillus Tile Co., 219 AD3d at 1616 [internal quotation marks and citations omitted]; see Matter of Lyman v New York State Canal Corp., 208 AD3d at 1573; Matter of Mayewski v Superior Plus Energy Servs., 192 AD3d 1312, 1314-1315 [3d Dept 2021]; Matter of LaClaire v Birds Eye Foods, Inc., 128 AD3d 1298, 1299 [3d Dept 2015]; Matter of Haight v Con Edison, 78 AD3d at 1469). Claimant's remaining arguments, to the extent that they have not been addressed by the foregoing, have been considered and found to lack merit.
Ceresia, Fisher, McShan and Mackey, JJ., concur.
ORDERED that the decision and amended decision are affirmed, without costs.