Matter of Ayars v Navillus Tile Co. (2026 NY Slip Op 00645)

Matter of Ayars v Navillus Tile Co.

2026 NY Slip Op 00645

Decided on February 11, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 11, 2026

CV-24-1603
[*1]In the Matter of the Claim of Mario Ayars, Appellant,
vNavillus Tile Company et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 14, 2026

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher, McShan and Mackey, JJ.

The Perecman Firm, PLLC, New York City (Edward Guldi of counsel), for appellant.
Vecchione, Vecchione & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Navillus Tile Company and another, respondents.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed August 21, 2024, which ruled, among other things, that claimant was entitled to a schedule loss of use award rather than permanent partial disability benefits for his right knee injury.
The facts of this case are more fully set forth in this Court's prior decision in the matter (219 AD3d 1614 [3d Dept 2023]). Briefly, claimant established a claim for workers' compensation benefits based upon injuries to his right knee. Following a hearing and the submission of medical reports and deposition testimony of the reports' authors, the Workers' Compensation Board found that claimant's injury was amenable to a schedule loss of use (hereinafter SLU) rather than a nonschedule classification. The Board further determined that the SLU opinions of the two physicians who submitted permanency reports were inconsistent with the impairment guidelines and concluded that claimant had a 20% SLU of his right leg. Finding that the Board's decision was based upon an inaccurate assessment of the medical opinions, we reversed the decision and remitted the matter to the Board so that "a proper assessment of the evidence can occur" (id. at 1617). We further advised that "the Board, upon remittal, should also, after accurately reviewing the medical evidence before it, determine anew whether the claim is amenable to classification or an SLU award, and then, if the latter, the resulting percentage and degree of disability," and that "[t]he Board may also permit the parties to submit additional evidence on the issues presented herein" (id.).
Upon remittal, the Boad concluded that the record was complete without the need for further submissions by the parties. Following a review of the record evidence, the Board determined that a SLU award was appropriate, and that claimant was entitled to a 20% SLU award for his right leg. Claimant appeals.
We affirm. Initially, contrary to claimant's contention, inasmuch as both parties had an opportunity to be heard and present evidence on the issues prior to the Board's initial decision, the Board's determination not to allow further development of the record upon remittal was not an abuse of discretion (see Matter of Bugianishvili v Alliance Refrig. Inc., 195 AD3d 1365, 1366 [3d Dept 2021]; Matter of Prince v Verizon N.Y., 153 AD3d 1111, 1111-1112 [3d Dept 2017]).
"Whether a claimant is entitled to nonschedule permanent partial disability classification or an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve and, thus, the Board's determination will be upheld provided that it is supported by substantial evidence" (Matter of Ayars v Navillus Tile Co., 219 AD3d at 1615 [internal quotation marks, brackets and citations omitted]; see Matter of Lyman v New York State Canal Corp., 208 AD3d 1571, 1572 [3d Dept 2022]). "[T]he Board is vested with the authority to weigh conflicting medical evidence and to credit the opinion of one medical [*2]expert over another, and is free to accept or reject portions of a medical expert's opinion" (Matter of Harmon v Office of Children & Family Servs., 206 AD3d 1214, 1215 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Lyman v New York State Canal Corp., 208 AD3d at 1572). In August 2020, Thomas DiBenedetto, an orthopedic surgeon who examined claimant on behalf of the employer, opined that claimant had reached maximum medical improvement for his right knee and that an SLU award was appropriate. In November 2020, Steven Touliopoulos, claimant's treating orthopedic surgeon, similarly opined that claimant had reached maximum medical improvement and that an SLU award was appropriate. In a February 2021 addendum, however, Touliopoulos changed his opinion, indicating that claimant's condition was more amenable to a nonschedule classification. When questioned as to his change of opinion, Touliopoulos testified that it was not based upon a new examination of claimant and that he could not recall what had prompted the addendum. In light of the foregoing, the Board was entitled to credit DiBenedetto's opinion that claimant's injuries were amenable to an SLU award over the equivocal opinions expressed by Touliopoulos on this issue. Accordingly, the Board's finding that claimant's injuries were amenable to an SLU award is supported by substantial evidence (see Matter of Raffiani v Allied Sys., Ltd., 27 AD3d 983, 984 [3d Dept 2006]).
As to claimant's challenge to the resulting 20% SLU award, as limited by his brief, we reject his claim that it is not supported by the medical evidence. The Board was free to credit Touliopoulos' findings as to claimant's range of motion limitations in his November 2020 permanency report. The report notes a range of motion measurement by use of a goniometer of flexion to 110 degrees for the right knee, which equates to a 20% SLU (New York Workers' Compensation Guidelines for Determining Impairment §§ 7.3, figure 7.3 [1] at 41; 7.4, table 7.4 at 42 [2018]). As claimant does not otherwise contest the balance of the Board's findings, the Board's decision is affirmed.
Reynolds Fitzgerald, J.P., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.