Rumsey, J.
 

 Appeal from a decision of the Workers’ Compensation Board, filed November 25, 2015, which ruled, among other things, that claimant voluntarily withdrew from the labor market.
 

 In 2008, claimant, a ward clerk, sustained an injury when working for the employer after slipping and falling on ice in the employer’s parking lot. In 2009, claimant’s claim for workers’ compensation benefits was established for an injury to the neck, back, coccyx, pelvis and right hip. In June 2010, claimant was released by her physician to return to work with the limitation that she not lift more than 10 pounds. As is relevant here, in August 2013, claimant submitted her resignation. Claimant thereafter requested a hearing to address lost time and awards. Claimant made a claim for further causally related disability for the period after she resigned, and the employer raised the defenses of voluntary withdrawal from the labor market and no attachment to the labor market. At the hearing, claimant testified that she resigned because she was “probably going to be terminated” due to absenteeism resulting from her injury. The Workers’ Compensation Law Judge (hereinafter WCLJ) found that claimant was entitled to lost wage benefits. Thereafter, in a letter to the Workers’ Compensation Board, the employer appealed and noted that it was attaching for the Board’s consideration claimant’s resignation letter, which made no mention of retiring due to injuries and which had not been introduced at the previous hearing. Over claimant’s objection, the Board “entertained [the resignation letter] in the interest of justice” and explicitly stated that, based on that letter, it had concluded that claimant had not informed her employer of any reason for her resignation. The Board went on to conclude, among other things, that claimant had voluntarily withdrawn from the labor market and it rescinded the award of benefits. Claimant appeals, and we reverse.
 

 We agree with claimant that the Board erred in permitting the employer to introduce the alleged resignation letter for the first time on administrative appeal. The introduction of new evidence on an administrative appeal to the Board is subject to 12 NYCRR 300.13 (b) (1) (iii). That regulatory provision provides that “[i]f [an] appellant seeks to introduce additional documentary evidence in the administrative appeal that was not presented before the [WCLJ], the appellant must submit a sworn affidavit, setting forth the evidence, and explaining why it could not have been presented before the [WCLJ]. The Board has discretion to accept or deny such newly filed evidence. Newly filed evidence submitted without the affidavit will not be considered by the Board” (12 NYCRR 300.13 [b] [1] [iii]). Here, the employer did not submit an affidavit and did not explain why it had failed to introduce the resignation letter to the WCLJ. Accordingly, as such evidence, in the absence of the requisite affidavit, “will not be considered by the Board,” the Board should not have entertained it (12 NYCRR 300.13 [b] [1] [iii]). Accordingly, we must reverse the decision and remit for further proceedings (see generally Matter of Paez v Lackman Culinary Servs., 140 AD3d 1462, 1464 [2016]).
 

 McCarthy, J.R, Rose, Devine and Mulvey, JJ., concur.
 

 Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.