Matter of Abdiyev v Eagle Container Corp. (2020 NY Slip Op 01879)





Matter of Abdiyev v Eagle Container Corp.


2020 NY Slip Op 01879


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

529236

[*1]In the Matter of the Claim of David Abdiyev, Appellant,
v
Eagle Container Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: February 11, 2020

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


John F. Clennan, Ronkonkoma, for appellant.
Tanisha S. Edwards, State Insurance Fund, New York City (Mark A. Kenyon of counsel), for Eagle Container Corp. and another, respondents.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed October 26, 2018, which ruled, among other things, that claimant failed to comply with 12 NYCRR 300.13 (b) (4) (v) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant applied for workers' compensation benefits in November 2017, alleging that he suffered injuries to the bilateral shoulders, left elbow, left hand, bilateral knees, left hip, neck, head and back due to a work-related accident. A Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, and claimant filed an application with the Workers' Compensation Board seeking administrative review of the WCLJ's decision. The Board denied the application for review, finding that claimant had failed to interpose an objection to the WCLJ's decision on the record at the hearing pursuant to 12 NYCRR 300.13 (b) (4) (v). Claimant appeals.
We affirm. "[T]he Board 'may adopt reasonable rules consistent with and supplemental to the provisions of [the Workers' Compensation Law],' and the Chair of the Board 'may make reasonable regulations consistent with the provisions of [the Workers' Compensation Law]'" (Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574 [2018], quoting Workers' Compensation Law § 117 [1]; accord Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]). Pursuant to the Board's regulations, "the application for administrative review . . . shall specify the issues and grounds for the appeal" (12 NYCRR 300.13 [b] [2] [i]) and "shall specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]). The regulations further provide that the Board may deny an application for review "where the appellant did not interpose a specific objection or exception to a ruling or award by a [WCLJ]" (12 NYCRR 300.13 [b] [4] [v]).
Contrary to claimant's contention, 12 NYCRR 300.13 (b) (4) (v) is not inconsistent with Workers' Compensation Law § 23. Although Workers' Compensation Law § 23 provides that "[i]t shall not be necessary to file exceptions to the rulings of the [B]oard," the provision relates to the necessity of filing exceptions to Board rulings prior to the taking of appeals of Board decisions to this Court and the Court of Appeals, not for applying to the Board for review of a WCLJ decision. We note that, when outlining the parameters of applying for review of a WCLJ decision by the Board, the statute does not expressly relieve applicants from raising exceptions or objections to the WCLJ's rulings (see Workers' Compensation Law § 23). As such, we cannot say that the regulation at issue is inconsistent with the provisions of Workers' Compensation Law § 23 (see Workers' Compensation Law § 117 [1]).
The record reflects that, at the conclusion of a hearing held on June 6, 2018, the WCLJ disallowed the claim, finding that claimant's testimony concerning the alleged workplace accident was not credible and the medical evidence did not support the claim for benefits. Claimant's attorney did not raise any objection or interpose any exception to the WCLJ's decision. Under these circumstances, the Board did not abuse its discretion in declining to review the WCLJ's decision based upon claimant's failure to interpose a specific objection or exception at the hearing, as required (see 12 NYCRR 300.13 [b] [4] [v] [a]; Matter of Bruscino v Verizon, N.Y., 178 AD3d 1272, 1273 [2019]; Matter of Markolovic v MTA Bus Eastchester Depot, 174 AD3d 1271, 1273 [2019]; Matter of Sweeney v Air Stream A.C. Co., 167 AD3d 1222, 1222-1223 [2018], lv denied 33 NY3d 903 [2019]).
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.