Matter of Belfiore v Penske Logistics LLC (2022 NY Slip Op 01863)





Matter of Belfiore v Penske Logistics LLC


2022 NY Slip Op 01863


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

533503
[*1]In the Matter of the Claim of Wayne Charles Belfiore, Claimant,
v
Penske Logistics LLC et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:February 9, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and Fisher, JJ.

Goldberg Segalla LLP, Buffalo (James M. Specyal of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed December 11, 2020, which ruled, among other things, that Penske Logistics LLC and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In February 2020, claimant, a hospital delivery driver, sustained head and traumatic brain injuries when he slipped and fell while unloading material from a truck at work. Shortly thereafter, the employer and its workers compensation carrier (hereinafter collectively referred to as the carrier) filed a first report of injury alleging that claimant's injuries were not causally related to his employment but resulted from a preexisting medical condition.[FN1] Hearings ensued, and, in June 2020, a Workers' Compensation Law Judge (hereinafter WCLJ) directed the parties to depose claimant's treating physicians and afforded the carrier an opportunity to obtain an independent medical examination of claimant, which was subsequently performed in July 2020. At a hearing held on August 27, 2020, at which only claimant and his counsel appeared, the WCLJ, relying on the findings contained within the report of the physician who performed the independent medical examination, concluded that claimant's injuries were causally related and established the claim for an injury to the head and for a subdural hemorrhage, a subarachnoid hemorrhage, an intraparenchymal hemorrhage, multiple skull fractures and a right posterior parietal scalp hematoma.
The carrier subsequently filed an application for Board review (form RB-89) of the WCLJ's September 2020 notice of decision, challenging, among other things, establishment of the claim without its presence at the August 27, 2020 hearing. The carrier also attached to its application what it characterized as new and additional medical records/evidence, along with a sworn affidavit setting forth the evidence and alleging why said records could not have been presented before the WCLJ. The Workers' Compensation Board denied review of the carrier's application for review of the WCLJ's September 2020 decision based upon its failure to preserve its objection to the issues raised and noncompliance with the requirements governing the content of its application as set forth in 12 NYCRR 300.13. The Board also declined to accept and consider the additional documentary evidence submitted by the carrier with its application for Board review. The carrier appeals, arguing that the Board erred in denying review of its application for review of the WCLJ's September 2020 decision and in declining to consider the additional documentary evidence submitted with its application.
We affirm. "We have consistently recognized that the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter [*2]of Boehm v Town of Greece, 196 AD3d 947, 947-948 [2021] [internal quotation marks and citations omitted]; accord Matter of Barber v County of Cortland, 193 AD3d 1202, 1203 [2021]). Those regulations require, in relevant part, that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Simon v Mehadrin Prime, 184 AD3d 927, 928 [2020]; Matter of Turcios v NBI Green, LLC, 182 AD3d 964, 965 [2020]). As relevant here, the Board's regulations provide that the application for administrative review "shall specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]). The regulations further provide that the Board, in its discretion, may deny an application for review "[w]here, as here, a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board" (Matter of Barber v County of Cortland, 193 AD3d at 1203 [internal quotation marks and citations omitted]; see 12 NYCRR 300.13 [b] [4] [i]) or "where the appellant did not interpose a specific objection or exception to a ruling or award by a [WCLJ]" (12 NYCRR 300.13 [b] [4] [v]).
Our review of the record indicates that, at the conclusion of the August 27, 2020 hearing, the WCLJ made certain oral findings, which included, among other things, establishment of the claim based upon the presumptions contained within Workers' Compensation Law § 21 and the fact that the carrier's independent medical examiner concluded that claimant's injuries were causally related. It is not disputed that the carrier did not appear at the August 27, 2020 hearing and that it therefore did not interpose a specific objection or exception to the rulings made by the WCLJ, as is required by 12 NYCRR 300.13 (b) (4) (v) (see Matter of Abdiyev v Eagle Container Corp., 181 AD3d 1132, 1133 [2020]; Matter of Bruscino v Verizon, N.Y., 178 AD3d 1272, 1273 [2020]). Moreover, in response to question number 15 on the application for Board review asking for specification of, among other things, "the objection or exception that was interposed to the [WCLJ's] ruling" and "the date when it was interposed" (see 12 NYCRR 300.13 [b] [2] [ii]; see also Workers' Compensation Board RB-89 Instructions [Nov. 2018]), the carrier stated that it "hereby appeals all parts of the September 1, 2020 decision in the interest of justice, as they were not present at the August 27, 2020 hearing to interpose an objection or exception due to an internal calendaring error," further purporting to object to "all parts of the September 1, 2020 decision." Thus, the carrier's response to question number 15 is patently incomplete, as it did not (and could not) identify a specific objection or exception that it made at the August 27, 2020 hearing[*3]. In these circumstances, we discern no abuse of discretion in the denial of the carrier's application for Board review (see 12 NYCRR 300.13 [b] [1], [2] [ii]; [4] [i], [v]; Matter of Narine v Two Bros. for Wholesale Chicken Inc., 198 AD3d 1040, 1042-1043 [2021]; Matter of Centeno v Academy Group Props., LLC, 193 AD3d 1208, 1211-1212 [2021]).
Finally, the carrier contends that the Board abused its discretion in declining to accept and consider the additional documentary evidence that it submitted with its application for Board review. We disagree. An applicant "seek[ing] to introduce additional documentary evidence in the administrative appeal that was not presented before the [WCLJ] . . . must submit a sworn affidavit, setting forth the evidence, and explaining why it could not have been presented before the [WCLJ]" (12 NYCRR 300.13 [b] [1] [iii]; see Matter of Lawrence v Department of Corr. of the City of N.Y., 178 AD3d 1239, 1240 [2019]; Matter of Bull v Akron Oil Noco, 170 AD3d 1315, 1316 [2019]; Matter of Casale v St. Catherine of Siena Med. Ctr., 156 AD3d 1070, 1071 [2017]). Although the carrier complied with the regulatory requirements for submitting additional documentary evidence, most of the subject medical records that it submitted with its application were, as the Board found, in the carrier's possession prior to the August 27, 2020 hearing when the carrier could have presented those records to the WCLJ.[FN2] Moreover, all of the subject records, which are dated January 5, 2020 through April 7, 2020, were in existence and available well before the August 27, 2020 hearing. Accordingly, we discern no abuse of discretion in the Board's refusal to consider the additional documentary evidence (see 12 NYCRR 300.13 [b] [1] [iii]; cf. Matter of Lawrence v Department of Corr. of the City of N.Y., 178 AD3d at 1240). To the extent that the carrier's remaining contentions are not academic in light of our decision, they have been considered and found to be without merit.
Lynch, J.P., Aarons, Colangelo and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: In April 2020, claimant filed his claim for workers' compensation benefits alleging that the subject injuries were in fact work-related.

Footnote 2: In any event, the carrier concedes that most of the medical records were in fact submitted to the Board by its claims adjuster prior to the August 27, 2020 hearing.