Matter of Green v Poughkeepsie Ford, Inc. (2023 NY Slip Op 01722)

Matter of Green v Poughkeepsie Ford, Inc.

2023 NY Slip Op 01722

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

535426
[*1]In the Matter of the Claim of Perdita Green, Appellant,
v
Poughkeepsie Ford, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 15, 2023

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ. 

Ouimette, Goldstein & Andrews, LLP, Poughkeepsie (Louis M. Dauerer of counsel), for appellant.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed November 5, 2021, which, among other things, ruled that the reopening of the claim was barred by Workers' Compensation Law § 123.
Claimant established a workers' compensation claim for injuries to her back and neck following a 1987 work-related accident, which resulted in various indemnity awards for periods of lost time and reduced earnings. The claim was subsequently transferred to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. In 2002, claimant was classified with a permanent partial disability. By decision filed September 1, 2011, claimant was awarded benefits for the period May 9, 2011 through August 29, 2011 with the direction that the awards continue thereafter.[FN1] In 2012, the Special Fund requested a hearing to bring the awards up to date given claimant's reported return to work. By decision filed September 7, 2012, awards were made from August 29, 2011 through April 9, 2012 and, because claimant returned to work on April 9, 2012 with no compensable lost time or reduced earnings, no further awards were directed from that date.
On May 13, 2020,[FN2] claimant's neurologist submitted a medical narrative — which was subsequently treated as a request for reopening — indicating that claimant's condition had worsened and that she was totally disabled as a result of the established work-related injuries. At the ensuing hearing, the Special Fund asserted that the case had been truly closed since a March 21, 2016 decision which resolved disputed medical bills in its favor and, further, that any additional awards were precluded pursuant to Workers' Compensation Law § 123 given the lapse of 18 years since the injury and eight years since the last award payment on April 9, 2012. Notwithstanding claimant's objection that there was insufficient proof as to the date that the last payment of an award was made, a Workers' Compensation Law Judge (hereinafter WCLJ) found that Workers' Compensation Law § 123 was applicable. On administrative appeal, claimant challenged the WCLJ's finding that eight years had passed since the last payment of awards and further asserted that the case was never truly closed. The Workers' Compensation Board, by decision filed November 5, 2021, declined to address whether the claim was truly closed given that claimant did not raise that issue at the hearing and, therefore, found it unpreserved for review, and affirmed the WCLJ's decision that Workers' Compensation Law § 123 was applicable. Claimant appeals.
We affirm. Workers' Compensation Law § 123 provides that, "after a lapse of [18] years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation," award of benefits against the Special Fund is prohibited (see Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d 747, 751 [1995]; Matter of Holsopple v United Parcel Serv., 167 AD3d 1220, 1221 [3d Dept 2018]). This [*2]statutory bar applies only to cases that have been truly closed — which presents a question of fact for the Board to resolve — but does not bar a new claim or continuing consideration of an open case (see Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d at 751; Matter of Hopeck v Al Tech Specialty Steel Corp., 205 AD3d 1284, 1285 [3d Dept 2022]; Matter of Holsopple v United Parcel Serv., 167 AD3d at 1221).
Initially, we are unpersuaded by claimant's contention that the Board was without authority to deny review of whether the case was truly closed. 12 NYCRR 300.13 (b) (4) (v) specifically provides that "where the appellant did not interpose a specific objection or exception to a ruling or award by a [WCLJ]," the Board, in its discretion, may deny review (see Matter of Belfiore v Penske Logistics LLC, 203 AD3d 1431, 1433 [3d Dept 2022]; Matter of Abdiyev v Eagle Container Corp., 181 AD3d 1132, 1133 [3d Dept 2020]). As claimant concedes that she did not challenge at the hearing whether the case was truly closed, we find no basis to disturb the Board's discretionary determination not to review that issue (see 12 NYCRR 300.13 [b] [4] [v]; Matter of Belfiore v Penske Logistics LLC, 203 AD3d at 1433; Matter of Narine v Two Bros. for Wholesale Chicken Inc., 198 AD3d 1040, 1042 [3d Dept 2021]).
Turning to claimant's contention that the Board improperly concluded that eight years had lapsed from the last payment of an award,[FN3] we find this contention to be without merit. Although claimant's neurologist examined her on May 4, 2020, the record indicates that the request for reopening based upon that examination was not received by the Board until May 13, 2020. The April 9, 2012 award was part of the continuing award claimant was receiving pursuant to the September 1, 2011 decision. No awards were directed after September 7, 2012 due to claimant returning to work. Claimant made no allegation — through an affidavit or otherwise — that the April 9, 2012 award was untimely paid nor does the September 7, 2012 decision reflect a late penalty for any delay in the payment of any award. Further, even crediting the 25-day time period in which to pay an award without penalty (see Workers' Compensation Law § 25), which would result in a final payment on May 4, 2012, the request for reopening, which was received on May 13, 2020, would still be outside the eight-year time limit. Claimant's speculative and unsupported assertion that the final award could have been received late does not preclude a finding that the last payment was made, as directed, on April 9, 2012. As such, under the circumstances, the Board's finding that there was a lapse of eight years from the last payment of compensation and, therefore, Workers' Compensation Law § 123 is applicable will not be disturbed. Claimant's remaining contentions, to the extent not specifically addressed, are found to be without merit.
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED [*3]that the decision is affirmed, without costs.

Footnotes

Footnote 1: That same decision held in abeyance certain periods — spanning from June 1, 2006 through May 9, 2011 — and directed claimant to provide clarifying medical evidence for a certain period.

Footnote 2: Although the filing date of the request for reopening is not reflected in the record, the representation at the hearing that it was received by the Board on May 13, 2020 was not disputed.

Footnote 3: There is no dispute that more than 18 years had lapsed since the date of injury.