Matter of Gallardo v Harleysville Ins. Co. (2023 NY Slip Op 02922)

Matter of Gallardo v Harleysville Ins. Co.

2023 NY Slip Op 02922

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

535866
[*1]In the Matter of the Claim of Eleucadio Gallardo, Appellant,
v
Harleysville Insurance Company et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:May 2, 2023

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Law Offices of Rex E. Zachofsky, PLLC, New York City (Rex E. Zachofsky of counsel), for appellant.
Law Office of Brian Rayhill, Garden City (Richard M. Ward of counsel), for Harleysville Insurance Company and another, respondents.

Aarons, J.P.
Appeal from a decision of the Workers' Compensation Board, filed March 18, 2022, which, among other things, denied claimant's application for review of a decision by the Workers' Compensation Law Judge for failure to comply with 12 NYCRR 300.13 (b).
In September 2020, claimant sustained injuries to his right leg while working at a car wash. He subsequently filed a claim for workers' compensation benefits in October 2020, naming "Rafael's Hand Car Wash" as his employer. Thereafter, in December 2020, Charles J Kling Enterprises LLC (hereinafter Kling Enterprises) and its workers' compensation carrier (hereinafter collectively referred to as the carrier) acquired notice of claimant's injuries and filed a first report of injury (FROI-00) with the Workers' Compensation Board that was consistent with the original claim, but accepted liability for the claim as the relevant employer and carrier. Notably, the address for Kling Enterprises listed on the first report of injury is the same address identified by claimant for the location where the incident occurred, as well as his place of employment.[FN1] Following a hearing in October 2021, at which claimant was present and represented by counsel, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision, dated October 27, 2021, establishing the claim, awarding benefits and identifying the carrier as responsible for making the relevant award payments. Claimant subsequently filed an application for Board review (form RB-89) of the WCLJ's October 27, 2021 decision, asserting, among other things, that Kling Enterprises was incorrectly named as his employer. In support of his application, claimant cited evidence that had been previously before the WCLJ, as well as allegedly newly discovered evidence that had been submitted by Kling Enterprises in a separate civil action commenced by claimant and arising out of the same injuries. The Workers' Compensation Board denied claimant's application for review and declined to consider the additional documentary evidence submitted based upon claimant's noncompliance with the requirements set forth in 12 NYCRR 300.13. Claimant appeals.
We affirm. "[T]he Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Barber v County of Cortland, 193 AD3d 1202, 1203 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Boehm v Town of Greece, 196 AD3d 947, 947-948 [3d Dept 2021]). Those regulations require, in pertinent part, that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]), and that such an application "shall specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was [*2]interposed" (12 NYCRR 300.13 [b] [2] [ii]). The Board, in its discretion, may deny an application for review "[w]here, as here, a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [3d Dept 2020] [internal quotation marks and citation omitted], lv denied 35 NY3d 909 [2020]; see 12 NYCRR 300.13 [b] [4] [i]), or "where the appellant did not interpose a specific objection or exception to a ruling or award by a [WCLJ]" (12 NYCRR 300.13 [b] [4] [v]).
In seeking administrative review, claimant argued that the WCLJ improperly established the claim against Kling Enterprises as the employer. The record reflects, however, that, although represented by counsel at the underlying hearing, claimant failed to object when Kling Enterprises, by admission, was found to be claimant's employer and liable for the claim. Notably, in response to question number 15 of the RB-89 form, which requires a party seeking administrative review to specify the objection or exception that was interposed to the WCLJ's ruling, claimant conceded that "[n]o objection was entered." As claimant undisputedly failed to interpose a specific objection or exception to the WCLJ's ruling, no abuse of discretion exists in the denial of claimant's application for Board review upon this basis (see Matter of Belfiore v Penske Logistics LLC, 203 AD3d 1431, 1433-1434 [3d Dept 2022]; Matter of Narine v Two Bros. for Wholesale Chicken Inc., 198 AD3d 1040, 1042-1043 [3d Dept 2021]).
Claimant's contention that the Board improperly declined to accept and consider the additional documentary evidence that he submitted with his application for Board review is also without merit. "An applicant seeking to introduce additional documentary evidence in the administrative appeal that was not presented before the WCLJ must submit a sworn affidavit, setting forth the evidence, and explaining why it could not have been presented before the WCLJ" (Matter of Belfiore v Penske Logistics LLC, 203 AD3d at 1434 [internal quotation marks, brackets, ellipsis and citations omitted]). Here, claimant failed to submit the required sworn affidavit in support of the additional documentation that he included with his application. Further, the documents in question were filed in April 2021 in a separate action to which claimant was a party and, thus, were in existence and available to claimant for more than six months prior to the WCLJ's challenged ruling. Accordingly, the Board's refusal to consider the additional documentary evidence will not be disturbed (see id.; compare Matter of Casale v St. Catherine of Siena Med. Ctr., 156 AD3d 1070, 1071-1072 [3d Dept 2017]).
Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Following a hearing in June 2021, a Workers' Compensation Law Judge found that claimant's claim and the carrier's first report of injury were duplicative, as they concerned the same incident and injury, and, thus, combined the two files.