Matter of Romero v Capital Concrete (2023 NY Slip Op 05640)

Matter of Romero v Capital Concrete

2023 NY Slip Op 05640

Decided on November 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 9, 2023

535832
[*1]In the Matter of the Claim of Tunin Romero, Respondent,
v
Capital Concrete et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:October 18, 2023

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Jones Jones LLC, New York City (David Secemski of counsel), for appellants.
William Switzer & Associates, PC, New York City (Brian J. Isaac of Pollack, Pollack, Isaac & DeCicco, LLP, New York City, of counsel), for Tunin Romero, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.
David F. Wertheim, State Insurance Fund, Albany (Dominick Mingione of counsel), for State Insurance Fund, respondent.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed May 11, 2022, which, among other things, ruled that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.

In June 2021, claimant, a carpenter, sustained injuries when he tripped and fell while working at a construction site. Claimant thereafter filed a claim for workers' compensation benefits, naming Capital Concrete as the employer. Various proceedings ensued and, ultimately, Accredited Surety and Casualty Company was put on notice of the claim. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) failed, however, to file a First Report of Injury form or a notice of controversy with the Workers' Compensation Board (see Workers' Compensation Law § 25 [2] [b]; 12 NYCRR 300.37).[FN1] A hearing was scheduled for November 2021 to address the merits of the claim and to consider the imposition of a penalty for the carrier's failure to accept or deny the claim. Notwithstanding having received notice thereof, the carrier did not appear at the hearing. Following the hearing, in a decision filed in November 2021, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim and identified the carrier as liable for the payment of benefits, among other things. The carrier subsequently filed an application for review of the WCLJ's decision by the Workers' Compensation Board (form RB-89).
In January 2022, pending the Board's review of the November 2021 decision, a further hearing was held before the WCLJ concerning an authorization for surgery. During that hearing, the carrier attempted to raise the issue of coverage. Relevant here, the WCLJ found that the carrier's arguments instead concerned only the issue of employer-employee relationship and, as this issue had been previously decided, declined further development of the record on this point. The carrier sought administrative review of the WCLJ's decision. In a May 2022 decision, the Board denied the carrier's application for Board review of the WCLJ's November 2021 decision, finding that the application was not completed pursuant to 12 NYCRR 300.13 (b) (4) (v). The Board also affirmed the WCLJ's January 2022 decision, denying the carrier's request for further development of the record, among other things. The carrier appeals.
We affirm. "[T]he Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Boehm v Town of Greece, 196 AD3d 947, 947-948 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Belfiore v Penske Logistics LLC, 203 AD3d 1431, 1433 [3d Dept 2022]). Pertinent here, the Board's regulations provide that an application for administrative review "shall specify the objection [*2]or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]). The Board may, in its discretion, deny an application for review "where the appellant did not interpose a specific objection or exception to a ruling or award by a [WCLJ]" (12 NYCRR 300.13 [b] [4] [v]; see Matter of Green v Poughkeepsie Ford, Inc., 214 AD3d 1287, 1289 [3d Dept 2023]).
The carrier first contends that the Board erred in denying its application for review of the WCLJ's November 2021 decision. We disagree. In response to question number 15 on the related application, requiring specification of the objection that was interposed to the WCLJ's ruling and when it was interposed, the carrier merely stated that its application was being made "in the interest of justice." The carrier concedes that it received notice of the underlying November 2021 hearing, as well as the matters to be addressed at that time, but it nevertheless failed to appear. The carrier provides no explanation for its failure in this regard. As the carrier did not, and indeed could not, identify a specific objection or exception made at the November 2021 hearing, the Board did not abuse its discretion in denying the carrier's application to review the resulting WCLJ decision (see 12 NYCRR 300.13 [b] [4] [v]; Matter of Gallardo v Harleysville Ins. Co., 217 AD3d 1042, 1044 [3d Dept 2023]).
As to the carrier's challenge to the Board's denial of its request for further development of the record, "[g]enerally, the Board's determination of whether or not to allow further development of the record on a particular issue will not be disturbed absent an abuse of discretion" (Matter of Finchum v Colaiacomo, 1 AD3d 672, 673 [3d Dept 2003]). Here, the Board's denial was based upon its conclusion that the issue of employer-employee relationship had been fully developed at the November 2021 hearing and that any related defense had been waived by the carrier's failure to file a notice of controversy and prehearing conference statement. The carrier's attempt to frame its request as concerning the defense of lack of coverage, rather than the lack of an employer-employee relationship, is unavailing as the carrier does not dispute that it provided workers' compensation insurance coverage to the employer at the time of the accident and its arguments on appeal and below distill to whether claimant worked for the employer at the relevant time. Next, even assuming, without deciding, that the carrier did not waive the issue of lack of employer-employee relationship, it is undisputed that the carrier was on notice that this issue was to be addressed at the November 2021 hearing. The carrier, however, has provided no explanation for failing to attend that hearing, when it would have had the opportunity to develop the record concerning claimant's employment relationship. Under these circumstances, the Board did not abuse its discretion in denying the carrier's [*3]request for further development of the record on this issue (see Matter of Prince v Verizon N.Y., 153 AD3d 1111, 1112 [3d Dept 2017]). The carrier's remaining arguments, to the extent properly before us, have been considered and found to be lacking in merit.
Clark, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, with costs.

Footnotes

Footnote 1: The carrier's third-party administrator filed a first report of injury form that, although concerning the same claimant, identified a different index number than that of the subject claim.