Matter of Allen v New York City Hous. Auth. (2023 NY Slip Op 06417)

Matter of Allen v New York City Hous. Auth.

2023 NY Slip Op 06417

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

535725
[*1]In the Matter of the Claim of Odaliris Allen, Appellant,
v
New York City Housing Authority et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 14, 2023

Before:Egan Jr., J.P., Pritzker, Fisher, McShan and Powers, JJ.

Klee, Woolf, Goldman & Filpi, LLP, Mineola (Sarah L. Baia of counsel), for appellant.
Habberfield Kaszycki, LLP, Buffalo (Eugene W. Lane of counsel), for Neuman Claim Administrators and another, respondents.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed June 7, 2022, which ruled that Workers' Compensation Law § 123 precluded an award of additional indemnity benefits.
Claimant sustained a work-related injury to her back and right knee in January 2000 and subsequently established a claim for workers' compensation benefits. In 2008, the self-insured employer was discharged from liability and liability transferred to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. Thereafter, by decision entered December 22, 2011, claimant was found to have a 37.5% schedule loss of use (hereinafter SLU) of the right leg and benefits were awarded. By Workers' Compensation Law Judge (hereinafter WCLJ) decision filed on May 17, 2019, the claim was later amended to include a consequential right ankle injury, additional physical therapy was authorized and the case was marked no further action. In August 2019, claimant's treating physician requested authorization to perform a "minimally invasive procedure" to the right ankle, which treatment claimant likewise sought by filing her own request for further action. The treatment was subsequently authorized and performed. In October 2021, the claim was further amended to include a consequential injury to the left achilles tendon.
During a December 2021 hearing, claimant requested additional indemnity awards based upon the amendments to her claim to include left and right ankle injuries. Addressing claimant's request, the WCLJ ruled that, given the passage of time since the date of injury and the last payment of compensation, Workers' Compensation Law § 123 precluded any further awards. The Board affirmed upon administrative review, and this appeal ensued.
We affirm. Workers' Compensation Law § 123 provides, in relevant part, that, "after a lapse of [18] years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation," award of benefits against the Special Fund is prohibited (Workers' Compensation Law § 123; see Matter of Green v Poughkeepsie Ford, Inc., 214 AD3d 1287, 1289 [3d Dept 2023]). "This [18]- and eight-year time limitation applies only to cases which have been closed and are being reopened, but would not bar a new claim or continuing consideration of an open case" (Matter of Hopeck v Al Tech Specialty Steel Corp., 205 AD3d 1284, 1285 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Herberger v Thomas Johnson, Inc., 172 AD3d 1830, 1831 [3d Dept 2019]). Accordingly, "the applicability of Workers' Compensation Law § 123 turns upon whether there has been a true closing of the case, which is a factual issue for the Board to resolve, and its decision in this regard will be upheld if supported by substantial evidence" (Matter of Smith v New York State Dept. of Corr., 172 AD3d 1803, 1804 [3d Dept 2019] [internal citations omitted]; see Matter of Holsopple v United Parcel Serv., 167 AD3d [*2]1220, 1221 [3d Dept 2018]). The test for such determination is whether further proceedings were contemplated at the time the case was purportedly closed, not whether they were actually planned (see Matter of Mallen v ACE Tinsmith & Bldg. Prods., 204 AD3d 1283, 1285 [3d Dept 2022], lv denied 39 NY3d 909 [2023]; Matter of Riley v P & V Sadowski Constr., 104 AD3d 1039, 1039-1040 [3d Dept 2013]).
It is undisputed that claimant's request for further indemnity benefits was made more than 18 years after the date of injury and more than eight years since the last payment of compensation. Claimant further concedes in her brief on appeal that, as the Board found, the WCLJ's May 17, 2019 decision resulted in a true closing of the case. Accordingly, the crux of the issue presented is whether the case was subsequently reopened, and not thereafter closed, so as to render Workers' Compensation Law § 123 inapplicable (see Matter of Herberger v Thomas Johnson, Inc., 172 AD3d at 1831; Matter of Smith v New York State Dept. of Corr., 172 AD3d at 1804). In this regard, claimant asserts that her treating physician's August 2, 2019 request to authorize surgery on her right ankle constituted a reopening of the case. In its decision, the Board agreed that such a request may constitute an "informal" reopening (see generally Matter of Riley v Aircraft Prods. Mfg. Corp., 40 NY2d 366, 370 [1976]; Matter of Zogaria v Quebecor World USA Inc., 125 AD3d 1090, 1091-1092 [3d Dept 2015]). Nevertheless, as the Board then noted, the record reflects that the Special Fund authorized the requested surgical procedure in November 2019, which was later performed in February 2020, and that there were thereafter no outstanding related requests or payments. Accordingly, substantial evidence supports the Board's finding that Workers' Compensation Law § 123 applied so as to preclude further awards because the matter was truly closed at the time of the Special Fund's November 2019 authorization of surgery (see Workers' Compensation Law § 123; Matter of Zogaria v Quebecor World USA Inc., 125 AD3d at 1091; Matter of Rathbun v D'Ella Pontiac Buick GMC, Inc., 61 AD3d 1293, 1294-1295 [3d Dept 2009]; see generally Matter of Riley v Aircraft Prods. Mfg. Corp., 40 NY2d at 370).
Claimant's remaining arguments, including her unsupported contentions regarding the "tolling" of the time limits of Workers' Compensation Law § 123 pending the closure of a case following a reopening (see generally Matter of Hampton v Neptune Meter Co., 223 AD2d 756, 757 [3d Dept 1996]; compare Matter of Colley v Endicott Johnson Corp., 60 AD3d 1213, 1214 [3d Dept 2009]; Matter of Hayes v Harris, 227 AD2d 864, 864-865 [3d Dept 1996], lv denied 88 NY2d 813 [1996]), have been considered and found to be without merit.
Egan Jr., J.P., Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.