Matter of Cortez v Royal Stone Cabinet & Tile Inc. (2026 NY Slip Op 01570)

Matter of Cortez v Royal Stone Cabinet & Tile Inc.

2026 NY Slip Op 01570

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CV-24-1556
[*1]In the Matter of the Claim of Arturo Martinez Cortez, Claimant,
vRoyal Stone Cabinet & Tile Inc., Appellant, et al., Respondent. Workers' Compensation Board, Respondent.

Calendar Date:February 17, 2026

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Xue & Associates, PC, Glen Cove (Benjamin B. Xue of counsel), for appellant.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Mackey, J.
Appeal from a decision of the Workers' Compensation Board, filed August 15, 2024, which ruled, among other things, that claimant was an employee of Royal Stone Cabinet & Tile Inc.
Claimant filed a claim for workers' compensation benefits alleging that, on December 25, 2021, he suffered injuries to his right hand, left knee and back when he slipped and fell while carrying a large stone while working for Royal Stone Cabinet & Tile Inc. Thereafter, claimant sought to include causally-related injuries to his neck and right knee. Following a hearing, at which claimant, a manager for Royal Stone and a representative for Royal Stone's workers' compensation carrier all testified, the Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for injuries to claimant's right hand, left knee and back but disallowed the claim for injuries to the neck and right knee. The WCLJ also found that an employer-employee relationship existed between claimant and Royal Stone, and assessed a penalty against Royal Stone for failing to secure workers' compensation insurance for claimant (see Workers' Compensation Law §§ 26-a [2] [b]; 50). Both claimant and Royal Stone sought Workers' Compensation Board review of the WCLJ's decision, and Royal Stone also requested a rehearing regarding the finding of a Workers' Compensation Law § 50 violation, the assessment of the penalty under Workers' Compensation Law § 26-a and the amount of the assessment. Upon review, the Board denied Royal Stone's request for a rehearing and affirmed the WCLJ's decision, prompting this appeal from Royal Stone.[FN1]
Royal Stone initially contends that it was improperly denied an opportunity to cross-examine claimant regarding discrepancies between his testimony describing the accident and injuries and the accounts that he provided his medical providers as reported in his medical records. We disagree. The record reflects that, in denying the request, the WCLJ stated that the information in the medical records speaks for itself and, in reaching her decision, the WCLJ noted that both parties' testimony was inconsistent at times and she referenced the discrepancy between claimant's description of the accident and injuries in his testimony and the description that he provided to some medical providers. Moreover, Royal Stone referenced these discrepancies in detail when attacking claimant's credibility in its application for Board review. Under these circumstances, we agree with the Board that Royal Stone had sufficient information in the record "to impeach . . . claimant's credibility where his description of the accident and the sites of injury varied from the medical record" without further testimony from claimant on the issue. Accordingly, we cannot conclude that the preclusion of such testimony was improper (see generally Matter of Moore v U.S. Xpress, Inc., 201 AD3d 1083, 1085 [3d Dept 2022], lv denied 38 NY3d 1029 [2022]; Matter of Sang Hwan Park v Lee, 53 AD3d 936, 937 [3d Dept 2008]).[*2]
As to the merits, "[w]hether there exists an employer-employee relationship in a particular case is a factual issue for the Board to resolve and its determination will be upheld when supported by substantial evidence" (Matter of Colamaio-Kohl v Task Essential Corp., 157 AD3d 1103, 1104 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Santos v 77 GP, Inc., 232 AD3d 1016, 1016 [3d Dept 2024]). "In making such a determination, the factors for the Board to consider include the right to control the work and set the work schedule, the method of payment, the furnishing of equipment, the right to discharge and the relative nature of the work at issue, with no one factor dispositive" (Matter of Sheehan v Nationwide Ct. Servs., Inc., 178 AD3d 1246, 1247 [3d Dept 2019] [internal quotation marks and citations omitted]; see Matter of Jennings v Avanti Express, Inc., 91 AD3d 999, 999-1000 [3d Dept 2012]). The Board credited claimant's testimony that, beginning in 2017, Royal Stone would contact him to come in on the weekend to finish any work that its full-time workers had not completed during the week. According to claimant, he only worked two or three days a week and that Royal Stone supervisors would be present when he worked and that they would provide claimant with a written description of what work was needed and how they wanted the work to be done. It is undisputed that the work was done on Royal Stone's premises and there is no indication in the record that claimant had to provide his own equipment. Deferring to the Board's credibility determinations, substantial evidence supports the Board's decision that claimant was an employee of Royal Stone, despite evidence in the record that could support a different result (see Matter of Sheehan v Nationwide Ct. Servs., Inc., 178 AD3d at 1247; Matter of Colamaio-Kohl v Task Essential Corp., 157 AD3d at 1105).
As to the challenge to the Board's denial of Royal Stone's application to review the WCLJ's finding that it had violated Workers' Compensation Law § 50 and was liable to be assessed a penalty under Workers' Compensation Law § 26-a, "[t]he Board may, in its discretion, deny an application for review 'where the appellant did not interpose a specific objection or exception to a ruling or award by a WCLJ' " (Matter of Romero v Capital Concrete, 221 AD3d 1149, 1151 [3d Dept 2023] [brackets omitted], quoting 12 NYCRR 300.13 [b] [4] [v]; see Matter of Abdiyev v Eagle Container Corp., 181 AD3d 1132, 1132 [3d Dept 2020]). The record reflects that, at the conclusion of the hearing, the WCLJ expressly found that claimant was not covered under Royal Stone's workers' compensation insurance policy in violation of Workers' Compensation Law § 50 and that it was liable to be assessed a penalty under Workers' Compensation Law § 26-a. Royal Stone did not, however, raise any objection at the hearing to the WCLJ's findings in this regard and, therefore, the Board was within its discretion in declining [*3]to review those findings (see Matter of Markolovic v MTA Bus Eastchester Depot, 174 AD3d 1271, 1273 [3d Dept 2019]; Matter of Sweeney v Air Stream A.C. Co., 167 AD3d 1222, 1223 [3d Dept 2018], lv denied 33 NY3d 903 [2019]).
Royal Stone also contends that the Board abused its discretion in denying its request for a rehearing in the interest of justice on the WCLJ's findings that it failed to comply with Workers' Compensation Law § 50 and that it is liable for a penalty pursuant to Workers' Compensation Law § 26-a (see 12 NYCRR 300.14 [a] [3]). As noted by the Board, Royal Stone raised no objection as to these findings at the hearing. Accordingly, the denial of the request for a rehearing on these issues was not an abuse of discretion (see Matter of Puccio v Absolute Chimney & Home Improvement, LLC, 222 AD3d 1060, 1062-1063 [3d Dept 2023], lv denied & dismissed 42 NY3d 967 [2024]).
We reach a different conclusion as to the denial of Royal Stone's request for a rehearing on the calculation of the amount of the penalty. "Whether to grant an application for reopening or rehearing in the interest of justice is a matter left to the Board's discretion and our review of that decision is limited to whether there was an abuse of that discretion" (Matter of Taylor v Buffalo Psychiatric Ctr., 199 AD3d 1110, 1111 [3d Dept 2021] [citations omitted]; see 12 NYCRR 300.14 [a] [3]). Pursuant to Workers' Compensation Law § 26-a, the Board, "upon rendering a decision with respect to any claim for compensation . . . that the employer liable therefor has failed to secure the payment of compensation with respect thereto in accordance with [Workers' Compensation Law § 50], shall impose an assessment in the sum of [$1,000] for each [10] day period of non-compliance or a sum not in excess of two times the amount of the cost of compensation for its payroll for the period of such failure against the employer" (Workers' Compensation Law § 26-a [2] [b]). Accordingly, although the assessment of a penalty upon a violation of Workers' Compensation Law § 50 is mandatory under Workers' Compensation Law § 26-a (2) (b), there are two alternative formulas for the WCLJ to consider when calculating the amount of the penalty. The WCLJ did not assess the penalty at the hearing, but, in her written decision, the WCLJ assessed a $145,000 penalty using the first alternative formula in Workers' Compensation Law § 26-a (2) (b). Given the statutory alternatives to calculate the penalty and the fact that the penalty was not assessed until after the hearing, with no input from Royal Stone as to the calculation thereof, we conclude that Royal Stone did not have a fair opportunity to challenge the appropriateness of the calculation of the penalty, and the Board's denial of the request for a rehearing in the interest of justice on this issue was an abuse of discretion (see generally Matter of Hailoo v State Ins. Fund, 45 AD3d 1200, 1202 [3d Dept 2007]).
Aarons, J.P., Pritzker, Reynolds Fitzgerald [*4]and Fisher, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as denied the application of Royal Stone Cabinet & Tile Inc. seeking a rehearing on the amount of the penalty assessed pursuant to Workers' Compensation Law § 26-a; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Courts' decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Although the notice of appeal references an incorrect date of filing of the Board's decision, in the absence of any claim of prejudice we will disregard the error and address the merits of the appeal (see CPLR 5520 [c]).